MONTANY vs. ROCK.

1. Parol evidence is not admissible to shew that a bill of sale of a slave, absolute on its face, is in fact a mortgage.

2. An instrument acknowledging the receipt of money for a slave, is not such a receipt as may be contradicted by parol testimony, so far as it evidences the sale of the slave.

3. A usurious contract under our statute is not *void.*

## ERROR to St. Louis Circuit Court.

EAGER & HILL, *for Plaintiff, insist:*

1. The circumstances show that the design of the defendant was to get the services of the slave for the use of the money; i. e., $6 in services for $3 33 interest, each month. The transaction was made to appear as a sale, to cover and disguise the usury. He who could exact the usury, could dictate the terms, and these were the terms the plaintiff was forced to accept. His favorite slave was surrendered with this receipt.

Usury is prohibited and will avoid a *deed* at law. See Atwood vs. Whittlesey, 2 Root's Rep., 37; Hammond vs. Hopping, 13 Wendell, 510–11; Lear vs. Tarnell, 3 Marsh., (Ky.) 420; Wilhite vs. Roberts, 4 Dana, 175;

Any *illegality of consideration*, or fraud, will avoid a deed at law. Trustees vs. Dickinson, 1 Dev. Rep., 189; Mann vs. Eckford's ex'rs., 15 Wend., 518; Parker vs. Parmlee, 20 John. 134;

Vrooman vs. Phelps, 2 John., 177; Dale vs. Rosevelt, 9 Cow., 307; Paxton vs. Popham, 9 East., 408; 1 Story's Eg., 261; Story's Com., 163; Russell vs. DeGrand, 15 Mass., 35; Kemper vs. Kemser, 2 Rand., 8; Cozzens vs. Whitaker, 3 Stew. & Porter, (Ala.) 329; Becker vs. Vrooman, 13 John:, 301; State vs. Perry, 1 Wright, 662; Means vs. Brickwell, 1 Hill, (S. Car.) 657; Murphy vs. Trigg, 1 Monroe, 72; Lindley vs. Sharp, 7 ib. 248, 252; Thompson vs. Potter, 5 Litt. Rep., 74; Skinner vs. Miller, ib. 84; Edrington vs. Harper, 3 J. J. Marsh., 355; Moore vs. Kay, 1 Beat., 287.

A receipt in full of all demands is not conclusive, and may be explained by parol proof. See Story Justice, in Hardin vs. Gordon, 2 Mason, 561. So in Maze vs. Miller, 1 Wash., C. C. Rep., 328; Burrough vs. Partridge, 3 Verm. Rep., 144; Wright vs. Wright, 2 McCord's Rep., 192; Ensign vs. Webster, 1 John. Cas., 145; House vs. Low, 2 John., 378; Thorn vs. White, Adm. Dec., 128; Fuller vs. Crittenden, 9 Conn., 406; Jackson vs. White, 1 Am. Dec., 179: Thompson vs. Faussat, 1 Pet. C. C. Rep., 183; Putnam vs. Lewis, 8 Johns. Rep., 389; Johnson vs. Weed, 9 John., 310; Slangleter vs. Hamm, 2 Ohio Rep,. 271.

PRIMM, *for Defendant, insists:*

1. That the plaintiff made out no case which could support his declaration. In every count, save the first, he alleges a borrowing of money, and a mere pledge of the slave as security, and to sustain them he proves a *clear* and *distinct sale* to Rock; that sale accompanied with possession in Rock.

2. The plaintiff endeavors to prove by Rock's declarations that this *sale* was only a *mortgage*, but the record does not show that the declarations were made *prior to*, or *at the time* of the execution of the bill of sale, so as to make them a part of the transaction. If Rock's declaration, as proven by the witness, Vai, was made after the sale, he is not legally responsible, because the declaration is without consideration. If the witness Strachan's testimony be construed to establish that Rock's declaration was made *at the time of the agreement* with plaintiff, it must also be taken as it was made. Rock said *"that if plaintiff was able to redeem the slave with his own means, he should have the right to take her back, but he should not have the right to get the means any where else."*

3. Supposing the tender of the money to Rock was a proper tender, it should have been made good by bringing the money into court,, which was not done.

4. But the alleged tender was not sufficient, because,

First, Only $400 was tendered to Rock, when he was entitled to interest besides, for a period of nearly four months;

Second, The tender was made by a stranger, with a stranger's funds, in which Montany had no interest and of which he had not even a possession;

Third, Under these circumstances, the tender was made in a manner which was at variance with the terms stated by Rock upon which the supposed right of redemption was to accrue.

5. The instruction given by the court was tantamount to an exclusion of the testimony offered by plaintiff to vary the terms of the bill of sale, from Montany to Rock.

Such testimony was not admissible. Greenleaf on Evidence, p. 327, sec. 275 and following; Lane vs. Price, 5 Mo. R., p. 101; Benson vs. Peebles, ib., 132.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of trover, brought by the plaintiff against the defendant in error, to recover a female slave. The plaintiff conveyed to

the defendant the slave in controversy by an instrument of which the following is a copy : "Received, St. Louis, Aug., 1843, of Philip Rock, the sum of $400, being in full for my slave Maria; the said Maria mulatto girl, aged 15 years; the said Mary slave for life.      L. Montany."

Parol evidence was offered, tending to show that the transaction was only a mortgage, and designed as a security for the sum of $400, loaned by the plaintiff to the defendant.   Evidence was also produced to show that the services of the slave were worth more than the interest of the money, with a view to avoid the contract as usurious and contrary to law.   Before the institution of the suit, the four hundred dollars were offered to be returned to the defendant.

Under an instruction from the court, verdict and judgment were rendered for the defendant.

· This case does not fall within the principle of those which admit parol evidence to explain a receipt.   The instrument evidencing the sale of the slave, although containing an acknowledgment of the receipt of the purchase money is clearly a bill of sale, absolute and unconditional; and according to the case of Hogel vs. Lindell, decided at this term of the Court, parol evidence was not admissible to convert it into a mortgage.

·Nor does the general principle that a contract in violation of law cannot be made the foundation of an action, apply to contracts affected with usury, under our laws regulating the interest of money.   Those laws do not avoid usurious contracts.   They expressly recognise the right of the plaintiff to a recovery, after deducting the penalty for usury, and in this respect are different from some usury laws which render the contract void.   DeWolf vs. Johnson, 10 Wheat., 367.

·The other Judges concurring, the judgment will be affirmed.