SCHNEIDER, Plaintiff in Error, *vs.* STAIHR & WIFE, Defendants in Error.

1. The act of 1849, exempting certain property of married women from the debts of their husbands, does not prevent the wife from voluntarily joining in a conveyance of her real estate to secure a debt of her husband.
2. Where a minor *feme covert* joins in a mortgage of her real estate, she may plead infancy *during minority* in a suit to foreclose.
3. The husband's estate during the marriage may, however, be subjected to sale.
4. In a suit to foreclose a mortgage of an undivided interest in real estate, it is not proper to make a sheriff, who has made a partition sale of the land since the date of the mortgage, a co-defendant, for the purpose of obtaining an order upon him to pay over to the mortgagee the mortgagor's portion of the proceeds.

*Error to Cole Circuit Court.*

Petition by Schneider to foreclose a mortgage executed by Staihr and wife, in 1851, upon the wife's undivided interest in the real estate of her deceased father, to secure a note of the wife's brother, upon which her husband was security. After the execution of the mortgage, the real estate was sold by the sheriff in partition by order of court. The sale was upon credit, and the purchase money had not yet become due. The sheriff was made a co-defendant, and the plaintiff prayed for an order upon him to pay over out of the wife's share of the proceeds enough to satisfy the mortgage debt.

The defendants answered, admitting the execution of the mortgage, but insisting that, as the wife acquired the property by descent, it could not be subjected to the payment of her hus-

band's debts, and further alleging that, at the date of the execution of the mortgage, the wife was a minor.

At the trial, there was evidence that the wife was a minor when the mortgage was executed, and that she had not yet become of age. The court directed the jury to find for the defendants, if they believed the wife was a minor when she executed the mortgage, and now disavowed the act, and refused contrary instructions asked by plaintiff. An instruction that the plaintiff was entitled to a general judgment against Staihr, for the amount of the note secured by the mortgage, was also refused. The plaintiff then submitted to a nonsuit, and after an unsuccessful motion to set the same aside, brings the case to this court by writ of error.

*Parsons*, for plaintiff in error. 1. In the eye of the law, Mrs. Staihr is not a minor. After her marriage, the law treats her as an adult. 2. Even if the fee simple title could not be sold on a foreclosure of the mortgage, still the husband's tenancy could be sold to satisfy the debt, and in this view, the plaintiff was entitled to recover against him. He was duly summoned and appeared to the action. If his interest in the mortgaged property was not sufficient to satisfy the debt, the plaintiff was entitled to have the residue levied of his other property. (R. C. 1845, tit. Mortgages, p. 571, §12.) 3. The act of 1849 does not apply to this case. 4. Mrs. Staihr cannot disavow the execution of the mortgage until she becomes of age. (9 Cowen, 626. 17 Wend. 119.)

*E. L. Edwards*, for defendant in error. 1. The property conveyed by this mortgage, having descended to Mrs. Staihr after the debt secured thereby was contracted, cannot be held liable for such debt. 2. Property descending to a married woman cannot be made liable for a debt contracted by her husband as the security of another, under any circumstances. (Sess. Acts of 1849, p. 67.) 3. Mrs. Staihr being a minor when she executed the mortgage, is not bound by the same after disavowal. (*Youse* v. *Norcum*, 12 Mo. Rep.)

Schneider *v.* Staihr.

SCOTT, Judge, delivered the opinion of the court.

1. It cannot be maintained that the act of the 5th March, 1849, exempting the property of married women from the debts of their husbands, was designed to prevent *femes covert* from disposing of their real property by a voluntary conveyance, for whatever purpose they thought proper. If married women, clothing their deeds with the solemnities required by law to make them effectual, will convey away their estates, the law does not interpose to prevent them. Without their consent signified in the manner prescribed by law, their property cannot be taken by execution to satisfy their husband's debts. But if they will voluntarily give it away, they cannot be prevented. The husband and wife may unite in a sale of the wife's land, and apply the money thus obtained in payment of the husband's debts. If this can be done, what is to prevent her from joining in a mortgage with her husband, and thereby subject her land to the satisfaction of his liabilies?

2. The wife being a minor at the time of the execution of the mortgage, her infancy may be set up in avoidance of the deed. As to the time of avoiding contracts made by infants, the weight of authority seems to be that, in cases of sales of land, infants cannot conclusively avoid the conveyance until they are of age. (Amer. Leading Cases, 1 vol. 114.) As in this instance, the effect of the omission of the wife to plead her infancy, would be to subject her estate to be sold under execution, by which an innocent purchaser might be injured, and as this proceeding is in the nature of an action to subject her estate to the payment of a debt, from analogy to the course in a suit on a contract by which an infant is jointly bound with others, we see no impropriety in permitting her to set up her infancy, though under age, in avoidance of this claim against her. In coming to this conclusion, we do not wish to be understood as expressing any opinion as to the consequence of an omission to plead, during her minority, her infancy in actions like the present

4. As the husband, by virtue of his marriage, was vested with an estate during its continuance.in his wife's real property, the court should have proceeded in the suit and condemned that interest to sale. Moreover, as there was. personal service of the writ, the plaintiff was entitled to a general judgment, and therefore, though the mortgaged property failed to satisfy it, he would have been entitled to execution against any other property belonging to the mortgagor.

4. We do not see the propriety of making the sheriff a party to this suit, who was charged with the duty of making sale of the mortgaged premises in another suit for partition. The object of this step, it seems, was to subject the money arising from the sale in partition to the satisfaction of the judgment in this cause, or at least such portion of it as the defendants would be entitled to. Such a course would lead to inextricable confusion, and there is no warrant in law for it. The plaintiff in this suit will sell such interest as the mortgagor had in the mortgaged premises, and the purchaser, after he has obtained his deed, will assert his rights against those claiming under the sale in partition, as they would take subject to the mortgage, it having been recorded prior to those proceedings. Judge Ryland concurring, the judgment will be reversed, and the cause remanded.