EPHRAIM McGLOTHLIN, Adm'r of WALTER MOORE, *et al.*, Appellants, *v.* JAMES HEMERY and REZIN HEMERY, Respondents.

1. *Practice, Civil—Pleadings — "Plain and concise statement of facts," what is meant by.* — The "plain and concise statement of facts" required by the statute does not refer so much to the style of the pleader—to his command of terse and simple English — as to the attempt sometimes made to give a long and prolix history of the transaction upon which the suit is based, and encumber the pleadings with a number of impertinent allegations.

2. *Administrator—Note secured by deed of trust—Sale of land under—Bill in equity to redeem — Usury — Tender.* — Where the amount due on a note secured by a deed of trust on real estate is tendered by the administrator of the original maker, and is refused, he may immediately afterward file his petition to redeem the land; and if it be sold under the deed after tender, he may still obtain an order to set aside the sale and redeem the property; and if

he needs the money to be derived from an administration sale of the land in order to pay the debts of the estate, he is a proper plaintiff in a bill for cancellation of the sale under the trust deed. If the amount called for by the trust note is in part usurious, the administrator, under section 4, chapter 89, Gen. Stat. 1865, may refuse to pay the usurious portion of it, and need only make tender of the balance.

3. *Practice, Civil — Pleading — Bill in equity — Multifariousness.*—Multifariousness is the joining in one petition of distinct and independent matters, each of which would constitute a cause of action. Distinct facts forming a series of transactions tending to a common end, or all necessary to plaintiff's equity, do not constitute multifariousness, nor does redundant or irrelevant matter that may be stricken out on motion, under section 20, chapter 165, Gen. Stat. 1865.

4. *Practice, Civil — Bill in equity — Prayer for relief.*—In a bill in equity, if the petitioner make a case which will entitle him to some relief in the power of the court to grant, although he may mistake as to the specific relief, he will not, in consequence, be turned out of court; much less, if he has one good specific request and a general prayer. All that portion of the prayer not warranted by the petition is a nullity, and should be treated as surplusage.

## *Appeal from Fifth District Court.*

*H. M. & A. H. Vories*, for appellants, cited Miltenberger v. Morrison, 39 Mo. 71; Sto. Eq. Pl. §§ 402, 271 *et seq.*, also note 1 on page 265, and § 278, etc.; 19 Mo. 551; 37 Mo. 441.

*Hall & Oliver*, for respondents, cited Gen. Stat. 1865, p. 658, § 3; 36 Mo. 215; Doan v. Holly, 25 Mo. 359; Hoagland v. Han. & St. Jo. R.R. Co., 39 Mo. 459; Peyton v. Rose, 41 Mo. 261; Meyers v. Field *et al.*, 37 Mo. 441; 42 Mo. 488; 17 Mo. 231; 20 Mo. 234; 29 Mo. 29.

BLISS, Judge, delivered the opinion of the court.

The plaintiff McGlothlin, as administrator, and the other plaintiffs, as heirs of Walter Moore, present to the Circuit Court of Caldwell county their petition to set aside the sale made to James Hemery, defendant, under a trust deed to Rezin Hemery, for his use, of certain lands belonging to said estate. They state in detail all the facts which they suppose entitle them to relief; and inasmuch as defendants have demurred upon the ground of insufficiency, multifariousness, misjoinder, etc., it is necessary to consider the petition somewhat in detail.

The plaintiffs allege that in October, 1858, the said Walter Moore borrowed of said James Hemery the sum of $390, for which he gave his notes for $450 at ten per cent. interest; and that afterward, on the 10th day of September, 1860, he gave a new note of $1,216.87, for the money so borrowed and interest, when in fact but $465.84 was then lawfully due for the principal and interest of the debt. At the same time, in order to secure said last mentioned note, the said Moore gave to said Rezin Hemery a trust deed of sundry parcels of land described in the petition, with power of sale, etc. ; and on the 12th day of February, 1863, he died. On the 7th of March, 1864, the plaintiff McGlothlin, as administrator, paid said James Hemery, upon said debt, the sum of $600; and afterward, on the 11th of September, 1865, tendered him the sum of $200, which he refused to receive in satisfaction of the debt, but claimed a much larger sum. The petition alleges that there was actually due upon said indebtedness the sum of only $33.19, which he brings into court for the defendant, but that he offered to pay the $200 to save trouble to the estate, inasmuch as the note and mortgage called for a much larger amount. After the death of Moore, the plaintiff McGlothlin was appointed his administrator, which the defendants well knew, but the holder of the note never presented the same for allowance to the Probate Court; but the defendant Rezin Hemery, the trustee, at the request of James Hemery, on the 9th of November, 1865, sold to said James Hemery, under said deed of trust, a portion of the land embraced in it for the sum of $1,305, and subsequently conveyed the same. The land so sold is described in the petition, and the petition charges that both the said James and Rezin, at the time of the sale, knew that only the sum of $33.19 was due upon the debt, and that the sum of $200 had been tendered and refused; also, that the claim had never been allowed against the estate.

The petition also sets forth that claims amounting to $5,928 have been allowed against said estate, which are unpaid, and that the estate, in consequence of the sale under said deed of trust, has become insolvent; also, that the Probate Court of said county has made an order for the sale of the real estate of deceased for the

payment of his debts, which order covers the land embraced in the trust deed, including the land sold defendant James Hemery and other lands; but the petition avers that, in consequence of the cloud upon the title of the land bought in by James by virtue of the sale and deed to him, it will be sacrificed if sold under the order; and shows that no persons have any interest in said real estate except the creditors of the estate represented by the administrator, who is one of the plaintiffs, and the other plaintiffs, who are the heirs, the widow having had her dower assigned elsewhere.

The above is a brief summary of the allegations of the petition, though it sets them forth at much greater length. The prayer of the petition seems to us to have been the chief cause of the controversy in the case, and is as follows: "Plaintiffs therefore pray that it may be ordered, adjudged, and decreed by the court, that the said deed executed by the defendant Rezin Hemery, as trustee, to the defendant James Hemery, be canceled and held for naught; that the title to the land specified in said deed pass to and vest in the estate of Walter Moore, deceased, as if said deed had never been executed; that that land and other land belonging to the estate be sold by the plaintiff, Ephraim McGlothlin, administrator, as aforesaid, for the payment of the debts of said estate, or so much thereof as may be necessary, and that the title to the land not so sold for the payment of the debts of said estate pass to and vest in those of the plaintiffs who are heirs of said Walter Moore, deceased; and that the sum of thirty-three dollars and seventy-four cents be paid to the defendant James Hemery out of the proceeds of the sale of said land specified in said deed of trust, or that whatever other sum may be ascertained to be due to him as principal and interest at the rate of ten per cent. per annum on said indebtedness be paid to him out of such proceeds, and that the defendant, upon such payment, enter satisfaction of said deed of trust upon the margin of the record thereof; and the plaintiffs pray for such other and further relief as the nature of their case may require."

Defendants demur to the petition because it does not contain a plain and concise statement of facts; because it does not contain facts sufficient to sustain an action; because it unites two causes

of action in one count; because it is multifarious; and because
it does not seek the right relief.

I can see no foundation for these claims. We must distin-
guish between the statement of the cause of action and the prayer
for relief, and in looking carefully, through the former I can not
see upon what principle the demurrer can be sustained for the
reasons set forth. The "plain and concise statement of facts"
required by the statute does not refer so much to the style of the
pleader—to his command of terse and simple English—as to the
attempt sometimes made to give a long and prolix history of the
transactions upon which the suit is based, and encumber the
pleadings with a multitude of impertinent allegations. Courts
always are pleased with simplicity and brevity of statement, but
will never throw a party out of court if, in this regard, his pleading
shows less culture and labor than characterizes the highest style
of pleading. But if we were disposed to be critical, although in
the stating part of this petition there are one or two unnecessary
averments, we can not see any such want of clearness and pre-
cision as should distinguish it from ordinary pleadings.

Upon the second objection, "that it does not state facts suffi-
cient to constitute a cause of action," the demurrant is equally
lame. The plaintiffs make a complete case. The original debt
has been nearly paid, and more than the balance was tendered
before the property was sold. The amount due is brought into
court for the use of defendants. The administrator has done
everything in his power to redeem the land, and but one course
is now open to him. He might have filed his petition to redeem
immediately after the tender was refused, though the sale does
not preclude him from doing it now. It simply imposes upon
him the additional burden of obtaining an order to set aside the
sale, as well as an order of redemption. All the allegations of
title, or a right to come into court, are clear and distinct. The
administrator needs the proceeds of the sale of the real estate to
pay the debts, and hence he is a proper plaintiff, though ordinarily
the heirs are alone interested in the realty. The demurrant can
not sustain this objection unless upon the ground that the estate
of decedent is bound by his note—that the administrator can not

refuse to pay the usury embraced in it—and that is not seriously pretended. Our statute upon interest makes no express provision in regard to redemption of mortgages and trust deeds, as it does when suit is brought upon an usurious instrument; but under the positive prohibition of section 4, the right of the debtor to refuse, whether sued or not, to pay over ten per cent. is clear.

Neither is the petition open to the charge of duplicity or multifariousness; all the facts set forth constitute but one cause of action. The unnecessary allegation, that the claim of Hemery was not presented for probate, in no way affects the general frame of the pleading, and may be disregarded. Nor, perhaps, can the statement that the Probate Court has ordered a sale of the property be deemed necessary; nor can I see the propriety of describing the sale under the trust deed as throwing a cloud over the title. It seems to me to be no cloud at all, but a complete eclipse. As to all outsiders, it was an absolute conveyance of both the legal and equitable title, and was subject only to the right of redemption by the plaintiffs.

But these unnecessary allegations do not subject the pleadings to the objections made by counsel. Multifariousness is the joining in one petition of distinct and independent matters, each of which would constitute a cause of action. Distinct facts forming a series of transactions tending to one common end, or all necessary to the plaintiff's equity, do not constitute multifariousness. (Sto. Eq. § 271, *a*, *b*.) Nor does redundant or irrelevant matter that may be stricken out on motion, under section 20, chapter 165, of the General Statutes. But these objections are probably not intended to be made to the body of the petition, but only to its prayer. That prayer, it is true, contains many requests which the court would not grant. It would grant the first prayer for the cancellation of the deed from the trustee to the creditor, and under the last and general prayer it should order a redemption of all the land embraced in the original deed of trust, upon payment of the balance of the debt. But the court would not make any specific order as to the legal effect of canceling the deed; and if it should order the sale of the land covered by the trust, it certainly could not order the sale of "other land belonging to the

estate." It is the duty of a party coming into court to make a case that shall entitle him to some relief in the power of the court to grant, although in these equity cases he may mistake as to the specific relief to which the court shall think him entitled. But he will not, in consequence, be turned out of court; much less, if he has one good specific request and a general prayer. The latter will cover any other relief which is his due. All that portion of the prayer not warranted by the petition is a nullity, and should be treated as surplusage; but there is enough in the petition to sustain a redemption of the land, a setting aside of the sale and cancellation of the deed made by the parties to the usurious contract, after all and more than the amount due had been tendered to the creditors.

The judgment of the District Court is reversed and the cause remanded. The other judges concur.