## Peck v. Hayes.

### *(Fulton County Court. May, 1888.)*

1. Justices of the Peace—Appearance—Attorneys—Who may Act—Minors.

    Code Civil Proc. N. Y. § 2886, provides that "a party to an action before a justice of the peace, who is of full age, may appear and prosecute or defend the same in person or by attorney, at his election." Section 2889 provides that "any person other than the constable who served the summons or the *venire*, or the law partner or clerk of the justice, may be the attorney for a party to an action before a justice of the peace." *Held*, that an adult defendant to an action before a justice of the peace could appear by a minor, as his attorney in fact; there being no attorneys at law in justices' courts.

2. Same—Appeal—Objections not Raised Below.

    Plaintiff, having objected to such appearance solely on the ground that the attorney was a minor, cannot on appeal raise the objection that he was not authorized to appear by defendant.

Appeal from justice's court.

Action by Peck against Hayes, before a justice of the peace. One George Hayes appeared for defendant, but his appearance was objected to, on the ground that he was a minor. On his admission of that fact, the appearance was excluded, and judgment by default was rendered for plaintiff. Defendant appeals.

*Horton D. Wright*, for appellant.  *Annibal & Murray*, for respondent.

Keck, J. The main and substantially the only question arising in this case is raised by the plaintiff's objection to the defendant's appearance by a person under 21 years of age. In justice's court there are no attorneys at law. All persons who appear there for parties are mere agents or attorneys in fact. *Sperry* v. *Reynolds*, 65 N. Y. 179. By section 2886 of the Code of Civil Procedure it is provided that "a party to an action before a justice of the peace, who is of full age, may appear and prosecute or defend the same, in person or by attorney, at his election, unless he has been judicially declared to be incompetent to manage his affairs." It is clear from this provision that a party to an action who is a minor cannot appear in person, and prosecute or defend an action in the justice's court; but may not a person who is a minor be made the instrument or agent of an adult person, who is a party to such an action, to appear for him therein? Now, it is a well-established rule of law "that an infant may act as an attorney or agent of another; for it is not necessary that a person be *sui juris*, or capable of acting in his own right, in

order to qualify him to act for others." In the Vermont courts it has been held that an infant may be deputed by the sheriff to serve a particular writ, and his acts while in the discharge of his duty will be as binding as though done by the sheriff himself. *Barrett* v. *Seward*, 22 Vt. 176. In Missouri it has been held that an infant may be authorized to exercise the power of appointment by the instrument creating the power, but he cannot exercise such power, if coupled with an interest. *Schneider* v. *Staibe*, 20 Mo. 269. An infant who purchases land of another, takes the deed in his own name, and then immediately conveys to the proper person, cannot repudiate the deed, on the ground that an infant may execute a power as absolutely and irrevocably as an adult. *Sheldon* v. *Newton*, 3 Ohio St. 494. An infant cannot be a public attorney for prosecuting suits at law and equity, though he may be a private attorney for the purpose of performing acts so merely ministerial as to require little or no judgment, experience, or skill. Tyler, Inf. 40. "Any person," says Story, "may be an agent who is not actually disabled by weakness of mind or want of understanding. Legal disability to contract will not incapacitate a person from becoming an agent. Thus, although a person under age cannot contract so as to render himself responsible, he can nevertheless contract as agent for another person so as to bind such person," (Story, Cont. § 126;) and whatever a person may do by his own right he may do by an agent, (Id. § 125.)

Now, section 2889 of the Code of Civil Procedure provides that "any person other than the constable who served the summons or the *venire*, or the law partner or clerk of the justice, may be the attorney for a party to an action before a justice of the peace." By this provision any person, young or old, male or female, excepting the persons therein named, and expressly prohibited from so doing, may be made the agent of an adult person who is a party to an action in justice's court to appear for him therein; and, assuming that the admission of George Hayes to the effect that he was a minor was true, he could nevertheless be made the agent by the defendant to appear for him in the action, and defend the same for him, with the same force and effect as he might or could have done in person, and the denial of this right to him I think was error.

It is claimed, however, by the learned counsel for the plaintiff and respondent, that George Hayes had no authority from the defendant to appear for him, and that the case, therefore, stands the same as if no person had appeared, or attempted to do so, for him; that the authority to the agent should have been shown, and failure to do so was equivalent to non-appearance. But the plaintiff must be held to stand upon his objection, which was not that George Hayes was not authorized by the defendant to appear for him, but that he was a minor, and could not, therefore, notwithstanding he had proper authority to do so, legally appear for him. That was the effect of the objection, if not the exact language used or employed in the making of it. The plaintiff might have objected to the appearance on the ground that no authority had been given by defendant to George Hayes to appear for him, or required proof of such authority, but he did neither, choosing to stand upon the objection made, by which he excluded his appearance; and he cannot, on an appeal, receive the benefit of an objection not made at a time when it might have been met and obviated. And by his failure to make such an objection he waived his right to do so, and admitted that the person so attempting to appear was authorized by the defendant to do so for him. If a party does not object to the appearance of his adversary by attorney, he will be deemed to have waived his right to do so, and admitted his authority to appear. *Ackerman* v. *Finch*, 15 Wend. 652; *Sperry* v. *Reynolds*, 65 N. Y. 179, 182, 183; *Rickey* v. *Christie*, 40 Hun, 278, 281. The exclusion of George Hayes from appearing in the case for the defendant was error calling for a reversal of the judgment, with costs.