BURGESS *et al.*, *Appellants*, v. THE ST. LOUIS COUNTY RAILROAD COMPANY *et al.*

1. **Laches.** Laches is a good bar to the enforcement of a stale claim, and this is true, irrespective of the fact that the time of the statute of limitations has not run.

2. ———— : OBJECTION BY DEMURRER. The objection of laches can be raised by demurrer to the bill where the same appears on its face.

3. ———— : CORPORATIONS : ULTRA VIRES. The doctrine of laches applies notwithstanding the acts complained of and on which plaintiffs' claim is founded were done by the defendant corporation, and were *ultra vires*.

4. ————: CORPORATION: MAJORITY AND MINORITY STOCKHOLDERS. The doctrine applies as between a minority of the stockholders and the acts of a majority; supineness in such cases being construed as acquiescence of the minority in the acts of the majority.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*M. Kinealy* and *J. R. Kinealy* for appellants.

(1) The judgment was prematurely rendered. It should have been preceded by an order on appellants to bring in new parties, if any such were necessary. *Hayden v. Marmaduke*, 19 Mo. 403. (2) The petition shows a good cause of action and should have been sustained. *Drury v. Cross*, 74 U. S. 299; *Railroad v. Howard*, 74 U. S. 392. (3) Plaintiffs have a legal capacity to sue and the court erred in holding the contrary. Boone on Corporations, sec. 150, and cases cited in notes 2, 3 and 4; *Descombes v. Wood*, 8 West. Rep. 614 (brief); *Chicago v. Cameron*, 9 West. Rep. 507; *Bulkley v. Iron Co.*, 77 Mo. 105. (4) The allegations of the bill fully excuse the delay in bringing the suit, even if this case be not governed by the statute of limitation and the demurrers should have been overruled on this ground. *Kline v. Vogel*, 6 West. Rep. 647; *Ins. Co. v. Eldridge*, 102 U. S. 545. But this being merely an action of ejectment, equitable in its nature, perhaps, because brought by a stockholder, the statute of limitation alone governs, and the court should have so held. (5) The court erred in holding Lackland and Allen to be necessary parties. They were mere naked trustees, with no beneficial interest in the property and no knowledge of wrong is charged to them. They merely acted as trustees in a mortgage, and we could not have a decree against them. Hence they are not necessary parties. Perry on Trusts, sec. 878. (6) As intermediate

grantors or grantees in the chain of title, neither Lackland, Allen, Dyer nor Garland is a necessary party, and the court erroneously held them to be such. None of them has any interest in the land or in the result, so far as the allegations of the petition show. *Fox v. Moyer*, 54 N. Y. 126; *McLaurie v. Thomas*, 39 Ill. 292; Boone on Parties 74, third sentence from bottom and cases cited; Perry on Trusts, sec. 882. (7) The suit against the St. Louis County Railroad Company is no bar to the present one as the court seems to have so held. It was terminated by a compromise—void on its face. (8) The court erred in holding the joinder of Durkee, as defendant, a good ground for sustaining the demurrer. Durkee did not object, and his co-defendant Gray cannot do it. Story's Eq. Pl., secs. 544, 530, 232; *Robison v. Robison*, 44 Ala. 227; *Christian v. Crocker*, 25 Ark. 329.

*J. C. Orrick* for respondents.

(1) The demurrer of respondents was properly sustained by the court below. The respondents sue as stockholders of the St. Louis County Railroad Company, and the petition does not state facts sufficient to authorize them to maintain this suit. They have no legal capacity to sue. *Bulkley v. Iron Co.*, 77 Mo. 105; *Mfg. Co. v. Cox*, 9 Am. Corp. Cas. 1; *Hawes v. Oakland*, 104 U. S. 458. (2) There is no allegation in the bill showing any good reason or any reason for the delay in complaining of the alleged fraud perpetrated at that time. Hence, we insist that the laches on the part of the appellants, in asserting their rights as shown on the face of the bill, debars them from any equitable relief. Courts of equity assist the vigilant, and not the negligent. *Kelly v. Hurt*, 61 Mo. 463; *Kelly v. Hurt*, 74 Mo. 565; Adams' Equity, 227; *Badger v. Badger*, 2 Wall. 94.

SHERWOOD, J.—This proceeding is termed "an action in equity." It was instituted by the plaintiffs against the St. Louis County Railroad Company, the Forest Park and Central Railroad Company, the St. Louis, Kansas City and Colorado Railroad Company, Francis Tiernan, E. R. Stewart, Dwight Durkee, Robert C. Allen, Amos H. Shultz, Wm. D. Clayton, John F. Hume, — Fox, Melvin L. Gray, Edwin Harrison, James O. Broadhead, Joseph Brown, H. A. Haeussler, Joseph Shippen and other persons unknown to plaintiffs.

Omitting the caption the amended petition is as follows:—

"Plaintiffs, by leave of court, file this their amended petition, and, suing on behalf of themselves and all stockholders of the St. Louis County Railroad Company who may appear after interlocutory decree, state that the St. Louis County Railroad Company was a corporation duly organized under the laws of the state of Missouri concerning railroad corporations for the purpose of constructing, maintaining and operating a railroad commencing at a point in the city of St. Louis, and state of Missouri, and thence extending westwardly to a point on Creve Cœur creek, in the county of St. Louis, and state of Missouri; that defendants Harrison, Shultz, Shippen, Brown, Broadhead, Haeussler, Clayton, and one Briggs and plaintiff, Edward Burgess, were the last and all the last, duly elected and qualified directors of said 'The St. Louis County Railroad Company;' that said Briggs is dead, and no person has been chosen to take his place as such director, and that said Shippen and Clayton are non-residents of the state of Missouri, and they, said Shippen and Clayton, and the other directors above named (now living), save and except plaintiff, refuse to institute this suit, or seek the relief herein prayed for.

"That the said St. Louis County Railroad Company, at the time hereinafter mentioned, owned and was in

possession of a certain tract of land graded for the railroad bed, extending from Forsyth Junction, on the line of the Wabash, St. Louis and Pacific Railroad, westward to Academy lane, and thence to a point on Creve Cœur creek, which tract of land was known as the St. Louis County Railroad and was principally located in the county of St. Louis, and state of Missouri, although a part thereof was within the said city of St. Louis, also.

"Plaintiffs further state that, at the times hereinafter mentioned, they were, and now are, the holders and owners of forty shares of the capital stock of said 'The St. Louis County Railroad Company;' that on or about the —— day of —— A. D., 1875, Joseph Brown, William Marsh Kasson, and others, were directors of said 'The St. Louis County Railroad Company,' and as such directors issued, in the name of said company, and as its act, three hundred bonds, each of the par value of one thousand dollars, payable by said last-named corporation thirty years thereafter, with interest coupons attached thereto, payable every six months thereafter, and each for the sum of thirty-five dollars, which bonds and coupons the said directors last mentioned delivered to themselves as alleged creditors of said last-mentioned company, and then and thereupon executed in the name of said corporation, and as its act, a conveyance in trust of all its property, including the property hereinbefore described, to one Lackland and one Allen as trustees, to secure the payment of said bonds, with power in said Lackland and said Allen, or either of them, on default in said payment of any of said coupons, to advertise said property for sale, and to sell the same for cash to pay the said coupons and bonds; that the stockholders of said company, other than said directors, who became bondholders as aforesaid, denied the validity of said bonds, and, at the next following election of directors of said last-mentioned corporation, other directors than those last mentioned were elected, none of whom had

received or held any of said bonds, and thereupon the new board of directors last mentioned, in the name and on behalf of said last-named corporation, the St. Louis County Railroad Company, and with the assent of plaintiffs instituted suit in the circuit court of St. Louis county, state of Missouri, to have said bonds and mortgage declared null and void and of no effect, on the alleged ground that said bonds and said mortgage were fraudulently delivered to the holders thereof, and were null and void, and without consideration; that, whilst said suit was pending, the trustees aforesaid in said mortgage or conveyance in trust advertised for sale, under the provisions of said conveyance last mentioned, all of said railroad, its property and franchises; that, on or about the day prior to that on which said sale was advertised to take place, the said bondholders and the stockholders of said last-mentioned corporation, save these plaintiffs, entered into an agreement whereby it was stipulated that said suit last mentioned should be dismissed; that said last-mentioned sale of said railroad property and franchises should be made as advertised as aforesaid; that at sale one Charles Miller should purchase all the railroad and all the property and franchises of said last-named railroad company, and that he, said Miller, should thereupon convey all the railroad and property of said railroad company lying west of Forsyth Junction, with all the franchises appurtenant thereto, unto defendant, Melvin L. Gray, in trust, for the benefit of the stockholders of said last-named corporation, to whom none of said bonds were delivered before the institution of said suit; that plaintiffs refused to consent to said last-mentioned agreement, and never received or claimed any benefit thereunder; that, in accordance with said agreement, said railroad and its property were sold by said trustees under said mortgage, and purchased by said Miller, as trustee, as aforesaid, for the nominal price of twelve thousand dollars, although they were

then well worth two hundred and fifty thousand dollars, and thereupon said Miller, in pursuance of his said agreement and of his said trust, conveyed to defendant, Melvin L. Gray, as trustee, for the benefit of all of said stockholders, not holders of bonds aforesaid, all the railroad and property of said company last mentioned, lying west of said Forsyth Junction as aforesaid; plaintiffs state that they refused to recognize said conveyances and declared them null and void, and that, in truth and in fact, they were utterly void, and that this fact and all the matters and things aforesaid were then and there well known to all said bondholders and stockholders.

" Plaintiffs further state that at that time there were twenty-five stockholders of said company who held none of said bonds, and that soon afterwards three of the stockholders of said St. Louis County Railroad, and several other persons, who never held any of said stock or bonds, and who had no right, claims or interest in, or to, any of the property or franchises of said St. Louis County Railroad Company did, as incorporators, organize a corporation known as the Forest Park and Central Railroad Company, to construct, maintain and operate a railroad from Forsyth Junction westwardly to Academy lane in said county of St. Louis, and thereupon said Gray, in violation of his trust, as aforesaid, and without any right or authority, executed a conveyance of all the railroad and property of said St. Louis County Railroad Company, lying west of Forsyth Junction last mentioned, to said Forest Park and Central Railroad Company. Plaintiffs say that all the defendants to this cause well knew, at all times, that said conveyance of said Gray last mentioned was executed by him in violation of his said trust, and without any authority or right, and was utterly null and void.

" Plaintiffs further state that soon after the execution of said conveyance by said Gray, as aforesaid, the

said Forest Park and Central Railroad Company did, without any right or authority whatever, on, to-wit, the —— day of ——, A. D. 1881, take forcible possession of the said right of way, track and property of said St. Louis County Railroad Company, and did let contracts to divers persons for work to be done on said right of way and property as if they were its owners and pretending it was its property, and that it was authorized to construct a railroad thereon. Plaintiffs state that the conveyances hereinbefore mentioned are duly recorded in the office of the recorders of the city of St. Louis, and of the county of St. Louis, and state of Missouri; that, after said Forest Park and Central Railroad Company had let contracts for work, as aforesaid, the contractors, under said contracts, performed some work on the part of the track and right of way of said St. Louis County Railroad Company last mentioned, and not being paid therefor they, said contractors, instituted suits against said Forest Park and Central Railroad Company as sole and only defendant to recover the amounts they claim to be due for said work, and to have said claims declared liens on the right of way, track and property last mentioned, and to procure a sale thereof to satisfy said claims; and judgments were in due course rendered in their favor, on which an execution was issued and levied on the roadbed, station houses, depots, bridges, rolling stock, real estate and improvements of the railroad of said Forest Park and Central Company, if any they had, and the same was exposed to sale, and declared to be sold, under and by virtue of the execution last mentioned, to D. P. Dyer and James A. Garland, as trustees for plaintiffs in said last-mentioned suits, and a conveyance of the right, title and interest claimed to as had and held in said roadbed and property was executed to the persons last named by the officer, who made said sale last mentioned, and thereupon said Dyer and Garland executed a conveyance purporting to convey the same to Francis Tiernan and Robert A. Stewart,

that is to convey 'all said last-mentioned roadbed and property, and thereupon said Tiernan and Stewart executed a conveyance assuming to convey said last-mentioned railroad bed and property to one Fox, as agent of the St. Louis, Kansas City and Colorado Railroad Company, a railroad corporation organized under the laws of the state of Kansas, and thereupon said Fox executed a conveyance purporting to convey said roadbed and property last described to said last-named corporation, which has entered upon and taken possession of said last-mentioned roadbed and property, and now holds the same.

"Plaintiffs further state that they had no knowl-edge of the taking, by said Forest Park and Central Railroad Company, of the possession of said right of way and roadbed last mentioned or said property, or of the execution by it of said conveyance to said Durkee, or of said bonds, or of the letting of said contract, or of the performance of any . work on said right of way, track or property by any of said contractors, or of said lien claims, or of said purchase by Dyer and Garland, or of any of said pretended conveyances to said Tiernan or said Fox, or to said St. Louis, Kansas City and Colorado Railroad Company, or of the entry of said last-mentioned railroad company on said last-mentioned right of way, track or property, until long after the latter entry was made; and plaintiffs aver that the defendants and each of them had, at all the times hereinbefore mentioned, actual and record notice of all the matter, acts and things hereinbefore stated; but plaintiffs say that if any person, in good faith, and after due diligence to ascertain the facts, had made any valuable improvements on said roadbed, property, etc., available for the lawful purposes of said St. Louis County Railroad Company, they are willing to reimburse him for the same on a surrender by him of all his claims against said roadbed, railroad or railroad company or property aforesaid.

"Plaintiffs state that said St. Louis, Kansas City and Colorado Railroad Company neither maintains, owns nor operates any railroad in this state, nor in the state of Kansas, and is wholly controlled by defendants Tiernan and Stewart, who at the time they received such conveyance from Dyer and Garland had both actual and constructive notice of the matters hereinbefore set forth, as also had said Dyer and Garland when they purchased as aforesaid, and as also had said Fox when he executed the conveyance hereinbefore mentioned, and as has also said St. Louis, Kansas City and Colorado Railroad Company, when it received said conveyance from said Fox as aforesaid.

"And plaintiffs further state that, because of the matters aforesaid, said sale by Lackland and Allen was null and void as against said St. Louis County Railroad Company and these plaintiffs, and that none of said conveyances of said Miller, Gray, said officer selling under said execution, said Dyer and Garland, said Tiernan and Stewart, or of said Fox, conveyed any right, title or interest of, in or to said roadbed or property, and that, therefore, the said St. Louis, Kansas City and Colorado Railroad Company did not acquire, has not now and never had any right, title or interest of, in or to said roadbed, property or franchises, but the same are rightfully the property of and owned and held by said The St. Louis County Railroad Company.

"Wherefore plaintiffs pray the court to oust said St. Louis, Kansas City and Colorado Railroad Company from the possession of said St. Louis County Railroad and of all the rights and franchises in or appurtenant to said roadbed, rights of way and property of said St. Louis County Railroad Company, described in said conveyance to said Gray, and usurped and intruded into by said Forest Park and Central Railroad Company, and that the full control and right and possession thereof be declared in and be restored to said the St. Louis County

Railroad Company, and for such other and further relief as may be just and as ought in equity to be granted to plaintiffs or on their demand in this bill.''

To this amended bill defendant Gray filed his separate demurrer, and the defendants, the St. Louis, Kansas City and Colorado Railroad Company, Tiernan, Stewart, Durkee, Allen and Hume filed a joint demurrer. These demurrers are essentially the same, and the grounds alleged in the latter are as follows, viz.:

"*First.* That it appears on the face of said bill, and from the allegations therein, that the right of action set up in said bill to set aside the three hundred bonds and the deed of trust of said St. Louis County Railroad Company securing the same to said Lackland, and the right to set aside the sale thereunder to said Miller, and the conveyance of said Miller to these defendants, and of these defendants to said Forest Park and Central Railroad Company did not accrue, if it accrued at all, to said plaintiffs within ten years before the bringing of this suit.

"*Second.* It also appears on the face of said bill and the allegations therein, that the issuing of three hundred bonds and the execution of said deed of trust securing the same and the sale thereunder by said Lackland and Allen to said Miller, and the conveyance thereof by said Miller to these defendants, to said Forest Park and Central Railroad Company, were well known to said plaintiffs at the time they severally took place, and their long delay and laches and want of diligence in seeking redress in the premises deprive them of all right to equitable relief; especially so in view of other facts stated in said bill, that innocent mechanical laborers and others have invested their services and money in the improvement of said roadbed under the ownership of said Forest Park and Central Railroad Company without any notice from plaintiffs of the matters set out in said bill.

" *Third.* The allegations in said bill that plaintiffs had no knowledge of the taking possession of said property by the Forest Park and Central Railroad Company, and the execution by said railroad company of said conveyance to said Durkee, and of the letting of contracts, performance of work, creation of liens, suits, judgments, and immediate sales vesting said property in the St. Louis, Kansas City and Colorado Railroad Company, 'until long after the latter entry was made,' are wholly insufficient in law, and according to the principles and practices of courts of equity to excuse the laches and long delay of plaintiffs in seeking equitable relief, and on the facts stated in said bill, it would be inequitable and against good conscience to grant the relief prayed for.

"*Fourth.* There is no equity in said bill, and it does not state facts sufficient to constitute a cause of action.

"*Fifth.* There is a defect of parties in this: That said bill asks the court to set aside conveyances made by one Lackland and by D. P. Dyer, James A. Garland, and yet said persons are not made parties to this proceeding, as they should be if these conveyances are to be set aside.

"*Sixth.* That plaintiffs have no legal capacity to sue, which appears on the face of, and by the allegations of, their bill.

"*Seventh.* That the institution of said suit by the St. Louis County Railroad Company, as alleged in the petition, and the proceedings thereunder are a bar to this suit by the plaintiff."

Defendant Gray demurred on the further ground that Durkee and others were improperly made defendants.

These demurrers, coming on to be heard, were sustained by the court. The plaintiff declining to plead further, final judgment was entered against them on the demurrers. Thereupon they appealed to this court.

Of the various grounds of the demurrer, but one needs examination, and that is the delay of the plaintiff in instituting the present proceeding.

It appears on the face of the petition that there have been, in the eleven years preceding the filing of the petition, no less than eight transfers of the property in dispute. The first one of which transfers was a conveyance, to-wit: A mortgage to secure certain bonds made by the St. Louis County Railroad Company, itself, in 1875, and other conveyances, also, were made under color of authority by the successive grantees, and one of them by the sheriff, by virtue of a judgment establishing a contractor's lien on the property, which is the subject of the present litigation.

The petition herein was filed October 10, 1885, seven years after the compromise, as to the mortgage made to Lackland and Allen, was effected in 1878. It does not appear that plaintiffs took any steps other than those taken in 1876, when, associated with other stockholders, they instituted suit to have the mortgage and bonds cancelled, and held for naught. In the compromise agreement, effected in 1878, which resulted in the dismissal of the petition to set aside the bonds and mortgage to secure the same, they took no part, since which time they have remained in a quiescent state, —unmindful of the subsequent transfers of the corporate property, and made no move to arrest such transfers.

Considering the circumstances detailed in the petition, which, for the purpose of the demurrers, must be taken as true, the laches of the plaintiffs is fatal to their claim. The fact of the statute of limitations not having run does not help the matter.

Laches is as good a bar to the enforcement of a stale claim as ever it was. *Landrum v. Union Bank*, 63 Mo. 48; *Bliss v. Pritchard*, 67 Mo. 181. *Sullivan v. Railroad*, 94 U. S. 806; *Twin Lick Oil Co. v. Marbury*, 91 U. S. 591; *Badger v. Badger*, 2 Wall. 94; Adams'

Eq. 227; *Kline v. Vogee*, 90 Mo. 230; *Kitchen v. Railroad*, 59 Mo. 514.

And the fact, that the acts complained of were *ultra vires* the company, does not diminish the force and effect of the laches. If stockholders lie by sanctioning, or seeming, by their silence, to sanction, such unwarrantable acts of the company, they will be bound by them. In order to set them aside, they must take timely steps to have them vacated. They cannot wait to see if such acts will prove beneficial or not, and thus take their chances on the result. And this same rule holds as between a minority of the shareholders and the acts of the majority. Supineness in such cases will be construed as acquiescence of the minority in the acts of the majority. 2 Morawetz on Priv. Corp., secs. 630, 631 and cases cited.

Holding the laches of the plaintiffs as fatal, to say nothing of other grounds, we affirm the judgment. All concur.