FERGUSON, *Appellant*, v. SODEN *et al.*

Division Two, July 1, 1892.

1. **Married Woman:** DEED OF TRUST. A *feme covert*, her husband joining therein, may execute a valid deed of trust on her legal real estate to secure a debt of the husband.

2. **Contract:** USURY. A contract for usurious interest is not void in Missouri.

3. ———: ———. While the creditor in such case forfeits the whole interest the legal rate is collectible for the debtor, and goes into the school fund.

4. ———: ———. One who voluntarily pays illegal interest upon a usurious contract cannot recover it back by suit.

5. ———: ———: MORTGAGE. Where usury does not invalidate the mortgage, a sale under the power will not be enjoined for that reason, unless the debtor tenders the principal and legal interest.

6. ———: ———: ———. Where property is sold under a deed of trust for much less than the amount secured, and the sale was not resisted on the ground of usury, nor the sum legally due tendered before sale, the grantor has no right of redemption on the ground that the debt was usurious.

7. **Foreign Corporation:** LOANS. A foreign corporation may make a loan in this state.

8. **Equity of Redemption:** LACHES. One's right to redemption from sale under a deed of trust may be barred by laches.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*W. C. Wells* and *Junius W. Jenkins* for appellant.

(1) Mrs. Ferguson, by reason of her disability of coverture, did not have the power to borrow money, and execute her notes therefor. That she could not do so

by the common law will not be controverted. Nor will it be denied that there is no statute of this state empowering her to do so. Besides, it has been decided in this state that such a contract is void. *Hagerman v. Sutton*, 91 Mo. 524; *Musick v. Dodson*, 76 Mo. 624; *Neef v. Redmond*, 76 Mo. 197; *Bauer v. Bauer*, 40 Mo. 62; *Pemberton v. Johnson*, 46 Mo. 342; *Lakeman v. McIlhany*, 17 Mo. App. 419. (2) The deed of trust is void because Mrs. Ferguson was under disabilities of coverture, and did not have the power to execute it. We are aware that the following cases are cited as holding a contrary doctrine from that which we insist upon: *Rines v. Mansfield*, 96 Mo. 394; *Hagerman v. Sutton*, 91 Mo. 519; *Wilcox v. Todd*, 67 Mo. 390; *Schneider v. Staihr*, 20 Mo. 269. (3) Mrs. Ferguson being a married woman could not contract for a foreclosure *in pais*. If the mortgage was valid, then it should have been foreclosed in a court of equity. (4) The transaction is usurious, and sale made thereunder is, for that reason, void. *Long v. Long*, 77 Mo. 651. If there had been a foreclosure in equity, undoubtedly the *cestui que* trust would not have been allowed to recover such usurious interest. *Perrine v. Poulson*, 53 Mo. 310; *McGlothlin v. Hemery*, 44 Mo. 354; *Corley v. Bean*, 44 Mo. 380; *Landis v. Saxton*, 89 Mo. 379; *Bank v. Miller*, 73 Mo. 87; *Martin v. Johnson*, 84 Ga. 481; *Trust Co. v. Burton*, 74 Wis. 329. (5) The sale is further void because at the time of the sale there was no defalcation. (6) Before a sale by a trustee or mortgagee will be sustained, it must appear that it was such a sale as would have been decreed by a chancellor, if the mortgage had been foreclosed in a court of equity. And the sale must have been so conducted that a report thereof would have been confirmed by the chancellor. 2 Pomeroy on Equity, sec. 995; *Meyer v. Ins. Co.*, 5 Mo.

Vol. 111—14

App. 245; *Eitelgeorge v. Ass'n*, 69 Mo. 52; *Ord v. Noel*, 5 Mad. 440; *Johnson v. Eason*, 3 Ire. Eq. 330. (7) The said life insurance company was a foreign corporation, and at the time this loan was made the statute law of the state made the notes and deed of trust void. General Statutes, 1865, sec. 9, p. 374; *Ins. Co. v. Albert*, 39 Mo. 181; *Long v. Long*, 79 Mo. 652; *Louisville v. Young*, 37 Mo. 397. (8) Judge Brumback was the agent and attorney for the Connecticut Mutual Life Insurance Company, and what it did by its agent it did itself. And, as the said company became the purchaser, it did so at its own sale, and the right of redemption survived the sale. A mortgagee at his own sale cannot become the purchaser so as to cut off the equity of redemption. *Allen v. Ransom*, 44 Mo. 263; *Thornton v. Irwin*, 43 Mo. 153; *Reddick v. Gresman*, 49 Mo. 392; *Stoffel v. Schroeder*, 62 Mo. 149; *Garnes v. Allen*, 58 Mo. 537. (9) The notice of the sale did not specify with sufficient certainty the place where the sale would take place. It said, "at the south front door of the courthouse in said Kansas City." *Goff v. Roberts*, 72 Mo. 570; *Hambright v. Brockman*, 59 Mo. 52.

*O. H. Dean* and *C. O. Tichenor* for respondents.

(1) It has been settled law in this state since *Schneider v. Staihr*, that a deed of trust by a married woman on her land to secure the debt of her husband is valid. (2) The lender actually paid the whole $6,000. Under the statute it could charge ten-per-cent. interest. It is not claimed that the transaction is usurious because the agent received commissions (89 Mo. 380), but because interest notes bore interest after maturity. Even if such contract is illegal it is only so to the extent of the forbidden excess of interest. *Bank v. Harrison*, 57 Mo. 503. There must

be a usurious interest to constitute usury. *Case v. Fish*, 58 Wis. 105; 2 Parsons on Notes & Bills, p. 405. Where the courts will not enforce the payment of interest on interest notes they expressly declare that they do so, not because the notes are usurious, but because it is against public policy to do so. *Stewart v. Petree*, 55 N. Y. 623; *Wilcox v. Howland*, 23 Pick. 169; *Meeken v. Hill*, 10 Me. 574; *Kellogg v. Hickok*, 1 Wend. 521. (3) It has been and is the universal custom in this state to have interest notes due every six months with interest after maturity. All have construed the statute to forbid making interest payable (to use the language of *Long v. Long*, 69 Mo. 651) "twice inside of one year." In *Ohnsorg v. Turner*, 13 Mo. App. 534 (affirmed 87 Mo. 127), there were semi-annual interest notes, with interest from maturity. (4) As said in *Commonwealth v. C. & O. C. Co.*, 32 Md. 547: "This may be regarded as a settled doctrine of American law." *Mills v. Town*, 20 Wis. 56; *Arents v. Commonwealth*, 18 Gratt. 776; *Bledsoe v. Nixon*, 69 N. C. 89; *House v. Tennessee, etc.*, 7 Heisk. 128; *Wheaton v. Pike*, 9 R. I. 133, and cases cited. (5) These interest coupons, even if no interest is specified, draw interest from maturity. *Railroad v. Smith*, 105 Pa. St. 198; *Meyer v. Muscatine*, 1 Wall. 384; *Walnut v. Wade*, 103 U. S. 696. (6) Assuming that the interest on these notes was usurious, then we say that the defense of usury is a privilege, and is purely personal, and can only be exercised by the person directly interested. *Ransom v. Hays*, 39 Mo. 448; *Enell v. Daggs*, 108 U. S. 150; *Bank v. Lutterloh*, 81 N. C. 148; *Ready v. Hueber*, 46 Wis. 694. (7) By the deed of trust, the trustees could sell if the interest or taxes were not paid. The recital in the trustee's deed is sufficient, *prima facie*, to show default authorizing a sale. *Wilson v. Schoenlaub*, 99 Mo. 94. (8) This court is asked to overrule the

case of *Ins. Co. v. Albert*, 39 Mo. 181, whereby defendant was told it could make valid loans of its money in this state. By that decision a statute was construed. The decision and the statute together became the law of this state on that subject. All had a right to contract in reference to it, and such contracts* can no more be impaired by a change of opinion of the judges of this court than they can be by an act of the legislature. *State v. Miller*, 50 Mo. 129; *Ohio, etc., Co. v. Debolt*, 16 How. (U. S.) 416. And this court refused to change its opinion in *Long v. Long*, 79 Mo. 644. (9) The place of sale designated in the notice was in the identical language of the deed of trust, "at the south front door of the courthouse in said City of Kansas." The plaintiff is barred by laches. *Burgess v. Railroad*, 99 Mo. 508; *Schradski v. Albright*, 93 Mo. 48; *Stamper v. Roberts*, 90 Mo. 688; *Kline v. Vogel*, 90 Mo. 248; *Reel v. Ewing*, 71 Mo. 29; 91 U. S. 591.

THOMAS, J.—Action to redeem from sale under a deed of trust. Judgment in the court below for defendants, and plaintiff appeals.

The facts, for a proper understanding of the questions decided, will sufficiently appear in the opinion.

I. The trial court was correct in ruling that a *feme covert* in Missouri may, by joining with her husband as prescribed by our statute of conveyances, execute a valid mortgage or deed of trust upon her legal real estate to secure a debt of her husband, and may appoint therein a trustee to make sale of the property in default of payment of the debt secured. *Schneider v. Staihr*, 20 Mo. 269; *Hagerman v. Sutton*, 91 Mo. 519; *Rines v. Mansfield*, 96 Mo. 394; *Wilcox v. Todd*, 64 Mo. 390.

II. It is contended that the debt secured by the deed of trust in question bore interest at a usurious

rate, and the sale for that reason was void. The principal sum secured was $6,000, and payable five years after date. The interest thereon for the five years at the rate of ten per cent. was secured by ten notes for $300 each, payable six, twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four and sixty months after date with interest at the rate of ten per cent. per annum after maturity, and the contention is that this transaction is usurious.

Conceding the correctness of this proposition without deciding the question, the plaintiff has no right to redeem from the sale under the deed of trust in question. The interest notes falling due six, twelve, eighteen, twenty-four and thirty months after date were paid, and the sale was made for default of payment of those falling due thirty-six and forty-two months after date, and when the trustee credited the net proceeds of the sale on the note he allowed $23.08 interest on the notes falling due thirty-six months after date, and $8.08 on the note falling due forty-two months after date. There can be no question that the $23.08 was legally allowable as compound interest, it having been calculated from the expiration of the year. This leaves $8.08 only which could be regarded as usurious interest under any rule that could be adopted. The land brought $2,500 at the sale, and there is a large balance of the debt that has not been paid. The plaintiff has a right to have this sum of $8.08 credited properly on the debt, if it was usurious, but she has no right to come into a court of equity and ask to have the sale set aside. If she had desired to take advantage of the defense of usury she should have tendered the proper amount before sale. *Perrine v. Poulson*, 53 Mo. 309; *McGlothlin, Adm'r, v. Hemery*, 44 Mo. 350; *Corby v. Bean*, 44 Mo. 379.

A contract calling for usurious interest is not void in Missouri. *Montany v. Rock*, 10 Mo. 506. In such case the creditor forfeits the whole interest, but the interest at the legal rate, is collectible from the debtor, and goes into the school fund. Revised Statutes, 1889, sec. 5976. One who voluntarily pays unlawful interest upon a usurious contract cannot recover it by suit. *Kirkpatrick v. Smith*, 55 Mo. 589; *Ransom v. Hays*, 39 Mo. 445.

It is no ground for enjoining a sale under a deed of trust that the notes secured reserve usurious interest or include it, except in those states where usury renders the contract void. The trustee's duty to sell and apply the proceeds in discharge of the debt legally due remains the same. If he should attempt to misapply the proceeds and pay on account of usury what was not legally due, the court would interfere. Where usury does not invalidate the mortgage a sale under the power will not be enjoined by reason of it, unless the debtor brings into court the principal and the legal interest due. *Tooke v. Newman*, 75 Ill. 215; *Powell v. Hopkins*, 38 Md. 1; *Walker v. Cockey*, 38 Md. 75; *Eslava v. Crampton*, 61 Ala. 507.

"After a foreclosure, a mortgage contract is regarded as executed. So long as the contract remains executory, the mortgagor can avail himself of the usury; but when it is executed, and others have in good faith acquired interests in the property, the objection can no longer be raised." 1 Jones on Mortgages [4 Ed.] sec. 646.

III. The Connecticut Mutual Life Insurance Company at Hartford, Connecticut, though a foreign corporation, was authorized to make this loan. *Ins. Co. v. Albert*, 39 Mo. 181; *Long v. Long*, 79 Mo. 652.

IV. Plaintiff's laches is fatal to her claim of relief in this case. She and her husband executed the deed

of trust in 1872. The property was sold under it by the trustee in 1876 to the Connecticut Mutual Life Insurance Company, and the possession of the property was then surrendered to it. Plaintiff's husband died in 1879, and the insurance company sold the property to Patrick Soden, in 1880, for $12,000, and the latter took immediate possession and has continued in possession ever since; and this suit was not instituted until 1887. The property having gone into the hands of an innocent purchaser, and plaintiff having delayed action for over eight years after she became discovert, and no defect in the proceeding being apparent on the face of the deed of trust, or the trustee's deed, it was too late for plaintiff to seek redress at the time she did. *Burgess v. Railroad*, 99 Mo. 508; *Schradski v. Albright*, 93 Mo. 48; *Stamper v. Roberts*, 90 Mo. 688; *Kline v. Vogel*, 90 Mo. 248; *Reel v. Ewing*, 71 Mo. 29.

What is said above in regard to usury is based on the law as it existed in this state prior to 1891. In the latter year, two statutes were passed making some radical changes on this subject, which it is not necessary for us to consider at this time as they do not affect the transactions involved in this controversy.

Other questions are presented by the briefs of counsel, but we do not deem them of sufficient importance to give them special notice. The learned trial judge in the court below gave this case a very careful consideration, as is evident from an elaborate, exhaustive and able opinion, which he prepared and filed, and which was printed for our reference, and the conclusions he reached were not only sound, but they were the only conclusions he could have justly reached under the law applicable to the facts disclosed by this record, and the judgment is, accordingly, affirmed. All concur.