## THORP *v.* ADAMS.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

WRITS—SERVICE—PRIVILEGE OF WITNESSES.

　　Defendant came from another state, where he had lived for some years, to New York, to testify before a committee of the legislature. Immediately after giving his evidence, a summons was served on him. *Held,* that the service must be set aside, even though defendant's domicile was in New York, and he was a resident of such other state for the time being only. Having come expressly for the purpose of being a witness, he was entitled to return without molestation when that object was accomplished. Following *Matthews* v. *Tufts,* 87 N. Y. 568. Affirming *ante,* 41.

Appeal from special term, New York county.

Motion to set aside the service of the summons in this action, brought by Laura M. Thorp against Thomas D. Adams, on the ground that the summons was served on defendant while attending as witness before a committee of the senate. From an order setting the service aside, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George H. Hart,* for appellant. *John J. Adams,* for respondent.

BRADY, J. The learned justice in the court below in granting the motion to set aside the summons expressed his views in an elaborate opinion, resting the conclusion at which he arrived upon the adjudication in *Matthews* v. *Tufts,* 87 N. Y. 568, which he properly said he could not distinguish in principle from this case. The defendant herein came to this city for the purpose of appearing as a witness before the senate investigating committee, a body charged with ample power by act of the legislature to proceed to the investigation of certain matters. While so attending, and just after having given his evidence, he was served with the summons. It was said by Judge ALLEN in *Person* v. *Grier,* 66 N. Y. 125, that upon principle, as well as upon authority, immunity of suitors and witnesses from the service of process for the commencement of a civil action against them was absolutely *eundo, morando et redeundo,* and the rule was especially applicable, with all its force, to suitors and witnesses from foreign states, attending upon the courts of this state. It was also said by him that, though in some instances witnesses and suitors, residents of the state, had only been discharged from arrest on filing common bail, thus giving color to a distinction between the two classes in respect to their immunity, it was at least doubtful whether any distinction should or did in fact exist between them; that the immunity was one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses while attending court could be molested with process; and, further, that witnesses might be deterred, and parties prevented from attending, and delay might ensue or injustice be done. This exemption, as said by RAPALLO, J., has been frequently accorded to the creditors attending in bankruptcy, and, indeed, to a creditor who attended before the commissioners to propose himself as assignee, and watch the proceedings. And in reference to the commissioners in bankruptcy themselves, he said they were a court of justice, for the purpose of having their witnesses protected by the court of chancery at least, if not by themselves; that they sat in the nature of a court in the administration of justice.

The respondent, by a valiant struggle, seeks to reverse the order, chiefly upon the ground that the defendant is a resident, and therefore not entitled to the privilege which was accorded him. We have already seen, by the suggestion of Judge ALLEN, that whether any distinction is to be made is at least doubtful, even when it appears that the person served is a resident of the state, but has come hither for the purpose of attending as a witness. In this case, however, it appears that the defendant has lived in Boston for some years, although his wife resides in this city; the difference of residence resulting from a separation between them, after which he changed his place of residence to Boston, from whence he came, expressly for the purpose of giving his testimony, which was receive¦ by the senate committee. He came, he states, to give evidence refuting certain testimony that had been received by the committee, and that his evidence was material to such inquiry, both on behalf of the state and the character of the individual named; and, further, that it was also necessary and material to him for the protection of his own good name.

The learned justice in the court below was not forgetful of the effort on the part of the plaintiff to enforce these views, and said that one was made herein to show that, although the residence of the defendant might be in the

city of Boston, his domicile was in the city of New York; and then alludes to the differences' between the defendant and his wife and their separation about the year 1886, since which time the defendant has lived in the city of Boston. Whatever might be the ultimate decision of this court upon the proposition that the defendant, notwithstanding the circumstances of his separation, and of his living in another place, on the question of residence, he was not subject to this rule here, for the reason that he came on expressly for the purpose of being a witness, and for no other purpose; and, having been received as such, he was entitled to return. It may be assumed, for the purposes of this appeal, that he was temporarily absent; but it must also be assumed that his stay was not completed at the time he was served with process herein, he having come here for the purpose stated by him, and having the right *redeundi* without molestation. It is unnecessary, therefore, to discuss the proposition that, notwithstanding the circumstances, the defendant must be regarded as a resident of the city of New York for the service of process. It is enough that, being a resident for the time being of Boston, with the intention of continuing his stay beyond the period when his examination might take place, he came here only for the purpose of appearing as a witness, and, with the intention of returning to Boston when that object was accomplished. The right of the senate committee to make the investigation which was confided to them, and to exercise powers kindred to those of a court of justice, is not subject to criticism. That was very conclusively disposed of in the case of *People* v. *Keeler,* 99 N. Y. 463, 2 N. E. Rep. 615. For these reasons, the order appealed from should be affirmed, with $10 costs.

All concur.