ROGER F. CAPWELL *vs.* JOHN F. SIPE and C. C. SIGLER, Copartners.

A non-resident suitor attending court in the matter of his suit in which he has an interest, although he attends as a witness, is not exempt from the service of a writ of summons against him in another suit.

A non-resident attending court merely as a witness is so exempt. So, too, is a non-resident suitor attending as a witness, if he is merely a nominal party to the suit and not personally interested in it.

Pleas in abatement must be certain to a certain intent in every particular, both positive and negative.

A general demurrer to a plea in abatement searches all defects, both of substance and form. To such a plea it is not needful to demur specially.

ASSUMPSIT. On demurrers to pleas in abatement.

*August* 1, 1891. PER CURIAM. The writ in this case is a writ of summons. The defendants have filed three pleas in abatement. The *first* sets forth that, at the time of the service of the writ upon them, the defendants were residents and citizens of the city of Cleveland, in the State of Ohio, and were in attendance upon this court in a suit in which Atwood & Co. were plaintiffs and these defendants were defendants, and that these defendants were in the State of Rhode Island solely for the purpose of being in attendance upon said suit. The *second* plea is like the first, except that it sets forth that the defendants were in attendance upon this court in a suit in which Atwood & Co. were plaintiffs and these defendants were defendants and material witnesses. The *third* plea is also like the first, except that it sets forth that the defendants were in attendance upon this court as witnesses in a suit at law entitled *Atwood & Co.* v. *Sipe & Sigler*, numbered 3690, and omits the allegation at the close that the defendants were in the State of Rhode Island solely for the purpose of being in attendance upon said suit. To these pleas the plaintiff has filed a general demurrer.

In *Baldwin* v. *Emerson*, 16 R. I. 304, we held that a non-resident suitor attending court in relation to his suit was not exempt from the service of a writ of summons against him in another suit, not being within the reason of the rule adopted in New York and Minnesota, and perhaps in some other States, which exempts witnesses from such service. Perhaps if it ap-

peared that the party to the suit was a merely nominal party, without any personal interest in the suit, and was in attendance merely as such for the purpose of testifying, he would be entitled to exemption from the service of process by summons; for the same inducement might then be necessary to procure his attendance as though he was merely a witness. But we do not think that an ordinary suitor who is personally interested in the result of the suit, though he may also testify in the trial as a witness, is on that account entitled to exemption. We are of the opinion, therefore, that the first and second pleas are insufficient.

The third plea sets forth that the defendants, at the time of the service of the writ upon them, were in attendance upon the court in the case of *Atwood & Co.* v. *Sipe & Sigler*, numbered 3690, as witnesses. We think this plea would be good if it were sufficiently certain to answer the requirement of the rule relating to pleas in abatement. In regard to these the greatest strictness is insisted upon. The matter pleaded must be stated with the highest degree of certainty attainable in pleading, namely, with that degree which is known in law as " certainty to a certain intent in *every particular*." The reason for this rigorous requirement is, that pleas of this sort, dilatory pleas as they are now denominated, the object of which is to defeat suits upon grounds other than the merits, are regarded with disfavor. Whenever, therefore, a person seeks to avail himself of the benefit of such a plea, he must bear in mind that, as he is taking advantage of merely technical defects, he must do so in a technically accurate manner.

Says Gould in his Treatise on Pleading, cap. 3, § 57: " Certainty of the third sort, or ' to a certain intent in *every particular*,' requires the utmost fullness and particularity of statement as well as the highest attainable accuracy and precision, leaving on the one hand nothing to be supplied by intendment or construction, and on the other no supposable special answer unobviated." " The rule requiring this degree of certainty is a rule, not of *construction* only, but also of *addition*, *i. e.*, it requires the pleader not only to answer fully what is necessary to be *answered*, but also to anticipate and exclude all such supposable matter as would, if alleged on the opposite side, *defeat* his plea." Lord Kenyon, Ch. J., in *Roberts* v. *Moon*, 5 Term Rep. 487, remarks, " The court

cannot hold too strict a hand over these sort of pleadings, which are calculated to defeat the justice of the case. If, indeed, a plea in abatement be drawn correctly, the court cannot deprive the defendant of the benefit of it. But if there be the least inaccuracy in it, it cannot be supported." And see, also, Chitty on Pleading, 473; 1 Comyns' Dig. 139; *Chetham* v. *Sleigh,* 3 Lev. 67; *Parsons* v. *Ely & Parsons,* 2 Conn. 377, 381; *Adams* v. *Hodsdon,* 33 Maine, 225; *Tweed* v. *Libbey,* 57 Maine, 49. And so great is the disfavor with which pleas in abatement are regarded, that it is not necessary to file a special demurrer to such a plea, but a general demurrer reaches all defects, not only of substance, but of form as well. Gould on Pleading, cap. 9, §§ 11, 12; *Ellis* v. *Ellis,* 4 R. I. 110; *Hoppin* v. *Jenckes,* 9 R. I. 102; *Bullock* v. *Bolles,* 9 R. I. 501. Tried by the principles we have stated, laid down in the authorities cited, it is evident that the third plea is also insufficient, and that its insufficiency may be taken advantage of by the general demurrer filed. Though the defendants, as it sets forth, were in attendance upon the court in the suit named as witnesses, they may also have been in attendance as parties to the same suit directly and personally interested in the result of the litigation. If these additional facts had been alleged by the plaintiff by way of replication to the plea, and, admitted by demurrer or upon issue joined, had been proved, it is clear in our opinion that the defence set up in the plea could not have been maintained. It is defective, therefore, in that it does not anticipate and exclude all such supposable matter as would, if alleged, defeat the plea, or, in other words, in that it does not negative the attendance of the defendants in any other capacity than as witnesses, or as nominal parties merely, not personally interested in the result of that suit.

We are of the opinion that the demurrer should be sustained and the pleas in abatement overruled.

*Demurrers sustained.*

*Charles A. Wilson & Thomas A. Jenckes,* for plaintiff.
*Nicholas Van Slyck & Cyrus M. Van Slyck,* for defendants.