## LIVENGOOD et al. v. BALL et al.

No. 6336—Opinion Filed Dec. 5, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 768.)

(Syllabus by the Court.)

**Process—Service—Exemptions.**

Nonresident plaintiffs who voluntarily come within the jurisdiction of the courts of this state to attend the trial of litigation commenced by them against citizens of this state are not exempt from service of a summons in an action by defendants for relief connected with the subject of the litigation commenced by them when a full and complete adjustment of the rights of the parties cannot be had in the first action, and where full relief would be denied the citizens of this state in courts of the state of plaintiffs' residence.

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by C. R. Ball and others against G. W. Livengood and others. There was a judgment for plaintiffs, and defendants bring error. Affirmed.

Everest & Campbell, for plaintiffs in error.

B. O. Young and Warren K. Snyder, for defendants in error.

HARDY, J. This case presents for review a judgment of the district court of Oklahoma county in favor of defendants in error, who were plaintiffs below, against plaintiffs in error, who were defendants below, for the sum of $3,041.60, interest and attorney's fees. as a penalty for the exaction of usurious

interest. The parties will be referred to as they appeared in the trial court. The case of Livengood et al. v. Ball et al., ante, p. 90, 162 Pac. 766, presents some of the questions involved herein. That case was a suit to recover upon a note and foreclose a mortgage given as security therefor in which the defense was urged that said note was usurious, and that defendants therein had paid to plaintiffs therein an amount more than sufficient to discharge the indebtedness which they were legally entitled to recover. This action grows out of the same transaction, and it is conceded by counsel that so far as the facts out of which the controversy grew are concerned, this case is governed by the decision in No. 5540.

The question whether the defendants were exempt from service of process in this suit remains for determination. They were in attendance upon the district court of Oklahoma county at the trial had in No. 5540, when they were served with summons, and it is claimed they were exempt therefrom, and their motion to quash the service of summons herein should have been sustained.

A certain phase of this question was before this court in Burroughs v. Cocke & Willis, 56 Okla. 627, 156 Pac. 196, L. R. A. 1916E. 1170, where it was held that a nonresident who voluntarily came within this state for the purpose of attending upon the taking of depositions to be used in the trial of a case pending in another jurisdiction in which he was plaintiff was privileged from service of summons while within the state upon that business, and that he did not forfeit this privilege merely because he transacted other business not connected with the taking of the depositions, provided the controlling cause of his being within the state was the taking of the depositions; but, because the trial court found that the controlling motive which brought him within the jurisdiction of the courts of this state was not the taking of such depositions, the party there was denied the exemption claimed. It was suggested by counsel that this doctrine of immunity had been generally extended only to defendants, and not plaintiffs, but in the opinion of Mr. Commissioner Matthews, it was said:

"Our investigation leads us to the conclusion that no distinction has generally been made between a plaintiff and a defendant, the reason for the rule including both alike."

And the opinion cites in support of this conclusion the case of Fisk v. Westover. 4 S. D. 233, 55 N. W. 961, 46 Am. St. Rep. 780. Defendants contended that they are within the rule as thus generally stated. Without going into an extensive discussion of the origin and history of this rule. it may be

stated that a large number of the courts have in general terms declared that suitors attending court in a jurisdiction other than that of their residence are entitled to this privilege, and make no distinction between parties plaintiff and defendant. This is not a universal rule, however; for in a number of cases the rule is denied where the person claiming the exemption is plaintiff in a suit within the jurisdiction of the state in which the exemption is claimed. Bishop v. Vose, 27 Conn. 1; Mullen v. Sanborn, 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421; Capwell v. Sipe, 17 R. I. 475, 23 Atl. 14, 33 Am. St. Rep. 890; Baldwin v. Emerson, 16 R. I. 304, 15 Atl. 83, 27 Am. St. Rep. 741; Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29, 35 Am. St. Rep. 726; Guynn v. McDaneld, 4 Idaho, 605, 43 Pac. 74, 95 Am. St. Rep. 158; Tiedemann v. Tiedemann, 35 Nev. 259, 129 Pac. 313; Nichols v. Horton (C. C.) 14 Fed. 327; Iron Dyke Copper Min. Co. v. Iron Dyke R. Co. (C. C.) 132 Fed. 208.

The exemption was sustained in case of a nonresident plaintiff in Roberts v. Thompson, 149 App. Div. 437, 134 N. Y. Supp. 363, but the court stated they were not prepared to say the courts of New York would not take jurisdiction of a nonresident plaintiff if it should appear necessary for the full protection of citizens of that state against whom the nonresident plaintiff had brought his action.

One of the defendants lives in Missouri, while another lives in Pennsylvania. By the laws of this state a person who had paid usurious interest upon a contract was not permitted at the time the litigation in No. 5540 was commenced to recover such usury in an action upon the contract claimed to be usurious by way of counterclaim or cross-petition therein, but was required to seek the recovery thereof in a separate action. Miller v. Oklahoma State Bank, 53 Okla. 616, 157 Pac. 767. Hence plaintiffs could not in that action obtain a recovery of the usurious interest paid by them, and if the exemption be allowed, and plaintiffs, who are citizens of the state, be required to seek redress in the courts of the respective states of defendants' residence, they will be met with this situation: By the laws of the state of Missouri one who has voluntarily paid unlawful interest upon a usurious contract cannot recover it back by suit. Ransom v. Hays, 39 Mo. 445; Ruthford v. Williams, 42 Mo. 18; Corby et al. v. Bean, 44 Mo. 379; Ferguson v. Soden et al., 111 Mo. 208, 19 S. W. 727, 33 Am. St. Rep. 512. Therefore plaintiffs would be denied a remedy in that state. By the laws of Pennsylvania an action may be brought to recover usurious interest paid within six months from the date of such payment, and should this case be reversed, and plaintiffs relegated to an action in the courts of that state, their cause of action would be barred by the statute of limitations. Purdon's Digest (13th Ed.) p. 1988, Title "Interest." There is this additional difference between the laws of this state and that of Pennsylvania: By the laws of this state a person who has paid usurious interest may recover double the entire amount of interest so paid, while the recovery in Pennsylvania would be limited to the actual amount of interest in excess of the legal rate which he had paid.

In Burroughs v. Cocke & Willis, supra, it is stated:

"The reason for granting this immunity to suitors is varied, some placing it as a personal privilege to the suitor, and others as good public policy that courts should not be hampered by having those in attendance upon it pounced upon by other litigants."

Whatever the reason for the rule may be in the present case, we think it should not be applied; otherwise it would be giving a nonresident an undue advantage over a resident of this state in the courts of this jurisdiction by permitting such nonresident to come into our courts and maintain an action upon a contract tainted with usury in violation of the law of this state in which full relief could not be granted to our citizens and be exempt from an action against him to recover a penalty imposed by the laws of this state for the unlawful exaction of such usury when a remedy would be denied to the citizens of this state should they be required to seek redress in the courts of the states of defendants' residence.

It will not do to say that in no event can a foreign litigant be subject to process in this state. Should nonresidents in attendance upon a trial of a case wherein he was plaintiff violate any of the criminal laws of this state, he would be subject to arrest and prosecution therefor, and should he commit any civil wrong during his sojourn, it would be folly to say that a citizen of this state could not invoke the aid of its courts to redress such wrongs, but must wait until the nonresident returns to his home, which may in some cases be in a foreign country entirely out of the reach and beyond the means of our own citizens to pursue.

The motion to quash service was properly overruled and the judgment is affirmed.

All the Justices concur.