[L. A. No. 11181. In Bank.—August 20, 1929.]

In the Matter of the Disbarment of MAUD STILLWELL SHATTUCK.

Walters & Mauk for Petitioner.

Thos. C. Ridgway and Sylas S. Meyer for Respondents.

THE COURT.—The petitioner herein applies to this court for a review and reversal of the findings, resolution and order of the Board of Governors of The State Bar of California, made and entered upon certain proceedings for her disbarment as an attorney and counselor at law, wherein and after a hearing thereon the said Board of Bar Governors ordered "that the said Maud Stillwell Shattuck, also known as Mary Maud Stillwell, be and she is hereby disbarred and precluded from practicing law in any of the courts of this state, and that her name be stricken from the roll of attorneys." In view of the fact that this is the first of a number of similar applications to be submitted to this court for its action thereon, and of the further fact that the questions, other than those of fact discussed therein, are in the main identical with those presented in the instant proceeding, we deem it advisable to devote to this a more extended discussion than will be required in later cases brought here for review.

The petition herein is presented under the provisions of section 26 of the State Bar Act (Stats. 1927, p. 38), which provides that "Any person so disbarred or suspended may within sixty days after the filing of said certified copy of said decision petition said Supreme Court to review said decision." The term "review" as used in this and in certain other portions of the act we do not understand to bear the limited significance attributed to the "writ of review or *certiorari*" as the same is defined and the functions thereof stated in section 1067 et seq. of the Code of Civil Procedure. To give it such limited meaning would result not only in narrowing the powers of this court to the single issue of jurisdiction in the board to make such order, but would also be to consider said board as being in-

vested with judicial functions which, under the inhibition of section 1 of article III of the state Constitution, the legislative department of the state government has no power to repose in such a board. The review of the evidence, findings and conclusions of the Board of Bar Governors which this term contemplates consists, and should consist, in a re-examination by this court of the entire record of the proceedings before said board as these are required to be kept and in due course transmitted to this court under the provisions of section 26 of the State Bar Act.

The petitioner makes a number of contentions assailing the constitutionality of the State Bar Act. Those of her contentions in that behalf to which her counsel devotes the larger portion of his brief in support of this petition have been answered adversely to said contentions in the two cases recently decided by this court, entitled *State Bar of California* v. *Superior Court*, 207 Cal. 323 [278 Pac. 432], and *In re Cate*, 207 Cal. 443 [279 Pac. 131]. In addition to these the petitioner makes certain other contentions affecting the constitutionality of the act in question which we do not deem to have sufficient merit to require a separate review. The only remaining contention of the petitioner wherein she attacks the constitutionality of said act has relation to the question as to whether or not the legislature has undertaken by the terms of said act to invest the Board of Bar Governors of The State Bar of California with judicial powers to be exercised with respect to the disbarment, suspension or discipline of attorneys and counselors at law who are or who may become members of that organization. The insistence of the petitioner in that regard might seem to lead us in the direction of an extended and most interesting historical inquiry into the origin and development of the legal profession under the English and then later under the American systems of jurisprudence, were it not for the fact that we are confronted with the primary consideration as to whether the said act, when considered as a whole, is to be interpreted as an attempt to invest the Board of Bar Governors with any such judicial or even *quasi*-judicial power. █ It is a long-established and well-settled rule of statutory construction that an act of the state legislature is not to be declared unconstitutional and void by the courts unless it shall appear that there is

a clear repugnance between the terms of the act and the inhibitions of the Constitution, and that where there exists a reasonable doubt from the consideration of the act as a whole as to whether it is repugnant to the Constitution the courts should hold it to be constitutional. This principle was declared by this court in the early and leading case of *Bourland* v. *Hildreth*, 26 Cal. 161, and has been consistently adhered to in the later decisions of this tribunal. Bearing in mind this principle, and giving the same full application to those provisions of said act which purport to define the powers of the Board of Bar Governors to be exercised in the matter of the disbarment, suspension or discipline of attorneys and counselors at law who, by virtue of their membership in said organization are subject to the exercise of the powers with which said board is invested, we find that these are chiefly set forth in section 26 of the State Bar Act, which reads as follows:

"The Board of Governors shall have power, after a hearing for any of the causes set forth in the laws of the state of California warranting disbarment or suspension, to disbar members or to discipline them by reproval, public or private, or by suspension from practice, and the board shall have power to pass upon all petitions for reinstatement. The Board of Governors shall keep a transcript of the evidence and proceedings in all matters involving disbarment or suspension and shall make findings of fact and a decision thereon. Upon the making of any decision resulting in disbarment or suspension from practice said board shall immediately file a certified copy of said decision, together with said transcript and findings, with the clerk of the Supreme Court. Any person so disbarred or suspended may, within sixty days after the filing of said certified copy of said decision, petition said Supreme Court to review said decision or to reverse or modify the same, and upon such review the burden shall be upon the petitioner to show wherein such decision is erroneous or unlawful. When sixty days shall have elapsed after the filing of said certified copy, if no petition for review shall have been filed, the Supreme Court shall make its order striking the name of such person from the roll of attorneys or suspending him for the period mentioned in said decision. If, upon review, the decision of said Board of Governors be affirmed, then said court shall forth-

with make said order striking said name from the rolls or of suspension. The board shall have power to appoint one or more committees to take evidence on behalf of the board and forward the same to the board with a recommendation for action by the board. Nothing in this act contained shall be construed as limiting or altering the powers of the courts of this state to disbar or discipline members of the bar as this power at present exists.''

It is the contention of the petitioner that the portion of the foregoing section which provides that ''The Board of Governors shall have power . . . to disbar members or to discipline them by reproval, public or private, or by suspension from practice, and the board shall have power to pass upon all petitions for reinstatement,'' clearly invests the Board of Bar Governors with powers which are essentially judicial in character. But when the further provisions of said action come under review it becomes manifest that the powers with which the Board of Bar Governors are invested under the earlier and foregoing clause in said section possess no finality whatever in effecting the disbarment or suspension or discipline of any person subjected to the processes of the act, since we find it to be provided therein that, ''Upon the making of any decision resulting in disbarment or suspension from practice said board shall immediately file a certified copy of said decision, together with said transcript and findings, with the clerk of the Supreme Court,'' and that it is further provided therein that any person affected by such decision may within a specified period of time petition the Supreme Court for a review of said decision; and that ''when sixty days shall have elapsed after the filing of said certified copy, if no petition for review shall have been filed, the Supreme Court shall make its order striking the name of such person from the roll of attorneys or suspending him for the period mentioned in said decision''; and it is further provided that, ''If, upon review, the decision of said Board of Governors be affirmed, then said court shall forthwith make said order striking said name from the rolls or of suspension.'' The section in question closes with the significant statement that, ''Nothing in this act contained shall be construed as limiting or altering the powers of the courts of this state to disbar or discipline members of the bar as this power at present exists.''

In the presence of the foregoing and latter quoted provisions of section 26 of the act it would seem to be manifest that the only order or orders which are provided for therein, and which have or were intended to have the effect of working the disbarment, suspension or discipline of any person who might be subjected to the powers and processes with which the Board of Bar Governors are invested are the final orders which are to be made by this court under the provisions of said act, and that any decision which the Board of Bar Governors may be empowered or minded to make in a proceeding pending before it is merely recommendatory in character and has no other or further finality in effecting the disbarment, suspension or discipline of those persons who may be brought before said board for an alleged violation of the terms of the act and of the professional and ethical requirements set forth therein. ■ If the foregoing is to be held, as we clearly think it is, to express the full measure of the legislative intent in the formulation of said section, it follows necessarily that the Board of Bar Governors created under the provisions of the act have not thereby been invested with any powers which can be said to possess the finality and effect of judicial orders, and that in that respect, at least, the legislature in the passing· of the act cannot be held to have in any degree violated the inhibition of section 1 of article III of the state Constitution relative to the distribution of governmental powers.

■ With respect to the facts underlying the present proceeding, as these are fully set forth in the record before us, we have made a careful examination of such record, and without undertaking to state in detail said facts we are fully satisfied that the petitioner in her relation to the estate of Nicholas John Steiner, both in her capacity as the executrix of said estate and of an attorney and counselor at law during the entire period of her administration thereof, has been guilty of such irregularities and of such a degree of dilatoriness and neglectfulness with regard to the affairs of said estate so grossly inconsistent with her trust and duty as such executrix and with her oath and obligations as an attorney and counselor at law as to justify her disbarment. The properties of said estate came into the possession of the petitioner when she was appointed executrix of the last will and testament of said decedent, to serve with-

out bonds, in August, 1917. The estate, consisting chiefly of real property, was appraised at $2,000 in value and was sold by the petitioner to one of her sisters for the sum of $2,050, which sum of money came into the possession of petitioner when the sale was confirmed by the court on December 15, 1920, subject to certain debts of the decedent and to the charges of administration. The petitioner, as such executrix, took no action looking to a distribution of the residue of said estate and filed no account therein until the year 1924, when, upon application made by the heirs and legatees of said deceased, the petitioner was removed from her position as executrix because of her neglect of the business of the estate, and one Harold J. Turney was appointed administrator thereof with the will annexed. Since such appointment said administrator has persistently but vainly sought to have the petitioner turn over to him the residue of said estate, consisting of the sum of $850.91 according to the decree of the probate court settling the petitioner's account as such executrix, which was made and entered on July 16, 1926, and from which no appeal was taken. Notwithstanding the finality of such decree, the petitioner has wholly failed to comply with the terms thereof, but, on the contrary, has pursued a policy of evasiveness and delay which has thus far prevented the heirs and legatees of said estate from receiving any portion whatever of their respective shares in the residue thereof. It was this condition of affairs which led to the application for the petitioner's disbarment presented to and heard before the appropriate committee of the Board of Bar Governors of The State Bar, which, after a quite full and careful investigation, reported its conclusions to The State Bar and the Board of Bar Governors thereof, and which latter body, adopting said report, has recommended to this court the disbarment of the petitioner as an attorney and counselor at law. We are satisfied that such recommendation is justified by the facts of the case.

It is therefore ordered that the petitioner, Maud Stillwell Shattuck, also known as Mary Maud Stillwell, be and she is hereby disbarred from the further practice of law in this state as an attorney and counselor, and that her name be and is hereby stricken from the roll of attorneys and counselors at law of the state of California.