### STATE ex rel. SPIGNER v. SUPERIOR COURT OF OKMULGEE COUNTY et al.

No. 26909.  Feb. 4, 1936.

Charles A. Chandler and J. P. Hannigan, for relator.

Herbert E. Smith, for respondents.

BUSBY, J. This is an original action commenced in this court in the name of the state of Oklahoma by E. R. Spigner, as relator, to prevent the superior court of Okmulgee county from proceeding against him in a civil action in which he is named as a defendant and one J. O. Hughes is plaintiff.

As the basis of the relief sought, the relator asserts that he is not a resident of Okmulgee county, and that while he was attending

court in that county as a suitor in another action, he was, in violation of his privilege as a suitor, improperly served with summons in the action herein sought to be prohibited.

Prohibition is an appropriate remedy to prevent an inferior court from exercising jurisdiction which it does not possess or making an unauthorized application of judicial force. A., T. & S. F. Ry. Co. v. Love et al., 29 Okla. 738, 119 P. 207. While it is not usually available as a substitute for an appeal, it may, in the discretion of this court, lie in cases where the remedy by appeal is for some reason inadequate. Thus it has been approved as appropriate to prevent an inferior tribunal from disregarding the venue statutes of the state. First Nat. Bank of Seminole et al. v. Henshaw, 169 Okla. 49, 35 P. (2d) 898. Under the foregoing authority and in the exercise of our discretion, we have decided to entertain jurisdiction of this cause.

The controlling facts in this case are that the relator, E. R. Spigner, a resident of Muskogee county, commenced a suit on a promissory note against J. O. Hughes, a resident of Creek county, and Albert H. Hart, a resident of Okmulgee county, in a justice court of Okmulgee county. When Spigner appeared for the purpose of trying his lawsuit, Hughes caused him to be served with summons issued out of the superior court of Okmulgee county in connection with an action for damages in which he (Hughes) was plaintiff and in which Spigner was named as a defendant. The damage action is asserted to have arisen out of the same transaction in connection with which the promissory note involved in the justice court suit was given.

The privilege of a witness to be exempt from the service of summons in civil actions commenced in a county other than that in which he resides is recognized by statute. Section 285, O. S. 1931. A similar immunity is accorded suitors by judicial recognition. Thomas et al. v. Blackwell, 172 Okla. 487, 46 P. (2d) 509. Such privilege or immunity is available to plaintiffs as well as defendants. Burroughs v. Cocke & Willis, 56 Okla. 627, 156 P. 196, L. R. A. 1916E, 1170. It applies to nonresidents of a county who are residents of the state as well as nonresidents of the state. The privilege is not without its limitations and exceptions (Thomas et al. v. Blackwell, supra), and thus may be denied a nonresident of the state who while prosecuting litigation in this jurisdiction is sued upon a transaction in connection with such litigation upon which the remedies available in the nonresidents' domicile would not be adequate. Livengood et al. v. Ball, 63 Okla. 93, 162 P. 768. This case, however, does not fall within the rule announced in that case. The substantive law and the remedies available for the enforcement of a right are the same in the different counties of this state. The fact that it might be more convenient for J. O. Hughes to prosecute his action in Okmulgee county does not justify us in ignoring the right of Spigner in the character of action herein involved to be used in the county of his residence or the residence of some of his codefendants or where they or some one of them may be found unprotected by immunity from the service of summons.

The jurisdiction of the superior court of Okmulgee county over the person of Spigner having been properly challenged and the challenge improperly denied in that court, a writ of prohibition will issue without prejudice to the right of Hughes to maintain his action in that court as against Spigner, provided jurisdiction of the person of Spigner be obtained in a proper and lawful manner.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and PHELPS, JJ., concur.