[S. F. No. 15063. In Bank.—August 6, 1936.]

BINGHAM GRAY, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Joseph Scott and Jerry Giesler for Petitioner.

Philbrick McCoy, S. V. O. Prichard and Warren E. Libbey for Respondent.

WASTE, C. J.—On charges laid before The State Bar, such proceedings were had that the board of governors made a recommendation to this court that petitioner here be suspended from the practice of the law for a period of one year. The usual proceedings were ordered, and petitioner filed herein his petition that this court review the decision of the board. A writ of review was issued, and on the hearing, it appearing that the transaction which formed the basis of the charges preferred against petitioner, and which resulted in the recommendation by the board of governors that he be suspended, involved a party or parties who participated therein with petitioner, but who were not proceeded against and whose conduct in the matter had not been inquired into, it was ordered that this entire proceeding be remanded to the board of governors with directions to reopen the same, and by proper orders to bring before it for investigation any members of The State Bar who directly participated in the said transaction, or to take such further steps as might seem meet and proper. (1 Cal. (2d) 226 [33 Pac. (2d) 1016].)

The matter was thereupon reopened. The attorneys in question and other witnesses were summoned before a special committee appointed by the board of governors. Much testimony was taken by this committee concerning the conduct and participation by members of The State Bar in the transaction involving petitioner. At the conclusion of the hearing, the committee recommended to the board that no further proceedings be taken with respect to any of the attorneys who had participated in the matter. The board of governors thereupon, by a supplemental report, in effect renewed its "recommendation of suspension" of petitioner.

We deem it unnecessary to comment upon the report of the special committee or the result of the proceedings held by it in response to the order of the court. The report it made was a matter for the consideration of and action by the board of governors (State Bar Act, sec. 30 et seq.). The receipt and approval of the report by the board ended

that matter, so far as there was a proceeding here. No recommendation for disciplinary action having been made, there is nothing before the court pertaining to the matters referred to The State Bar.

We hold no brief for the petitioner. But, for more than three years, the action of The State Bar in entertaining and investigating the charges preferred against him has been "public property". It has engaged the attention of this court for approximately that length of time. It has been the subject of general notice in the press at large and in the papers devoted to the publication of "legal news". The public, and especially the members of the legal profession, have been cognizant of the charges preferred and the progress of the investigation. We must conclude, from the personal history of petitioner, that he is not one who would intentionally seek to violate his oath as a lawyer, or abuse the confidence which must, of necessity, attach to the relation existing between an attorney and client. This conclusion finds support in petitioner's personal background. He is descended from a long line of barristers and attorneys who were patriotic and prominent in the early days of Virginia. His legal training, interrupted for a time by military service during the world war, was obtained at two of the country's outstanding universities. We find nothing in the record tending to discredit petitioner's personal or professional activities during the time he has engaged in the practice of the law. Quite to the contrary. Many testimonials of the good personal character and fine social associations and activities of petitioner are submitted. No professional act of petitioner, so far as the record shows, was questioned until the present charge was preferred. Many prominent members of the bench and bar vouch for this fact. No client of petitioner is here complaining. In the present cause petitioner was not charged with an offense arising out of misapplication of a client's money or property, or with secret fraud and deceit practiced on a weak, ill-advised or confiding client. On the contrary, the record does not disclose that petitioner, at any time, did anything in a secretive manner: In the transaction involved he dealt at arm's length and above board with the representatives of a large and important service corporation, who, in their own inter-

ests, submitted the matter to several prominent members of the bar in the community before closing the transaction.

When the hearing of the charge against petitioner came before the committee, petitioner did not seek to evade the issue, but then sought, and at all times since and now seeks, to justify, as proper, his part in the transaction. Maintaining this attitude, he has at all times disclaimed any intention of wrongdoing, and has constantly and persistently pleaded his good faith in all that he did in the transaction complained of. In view of all these facts, we cannot bring ourselves to a satisfactory conclusion that the petitioner was guilty of acts so inherently bad and vicious as to subject petitioner to liability of conviction for the crime of extortion. If it could be successfully contended that he was liable to such conviction for his part in the transaction, he should not be permitted to longer remain a member of the legal profession. ■ This conclusion requires a brief reference to the established rules which govern the consideration by this court of disciplinary matters brought here after action by The State Bar. This court treats the findings of the board ·of governors as findings of an intermediary agency, in order that our review may extend to the determination of the sufficiency of the facts to support them, and whether or not the findings in turn support the recommendation of the board. (*In re Shattuck,* 208 Cal. 6 [279 Pac. 998].) The facts underlying the present proceeding are fully, even minutely, set forth in the voluminous record of the two hearings had before The State Bar. We have made a careful examination of such record. It has been the basis for lengthy briefs and extended argument before the court after each hearing. ■ Without undertaking to state in detail these facts, we have reached the conclusion that the order recommending suspension of petitioner 'should be reversed.

It appears that the members of the local administrative committee, which first reported its findings to the board of governors, were not a unit as to the recommendation. Members of this court have, at different times, held different opinions on the matter. The unimpeached record shows that petitioner is not a shameful, wicked or depraved person. Prior to the initiation of these charges, he enjoyed a good reputation as an attorney having a large clientele and

being entrusted with the handling of important matters for his clients. His general reputation in the community is good. The State Bar has not recommended a penalty other than suspension for one year. Petitioner has rested under the odium of these charges and ensuing proceedings for more than three years. That, in and of itself, is a very severe ordeal. (*In re Petersen,* 208 Cal. 42, 56 [280 Pac. 124].)

The order of the board of governors of The State Bar is annulled, and the proceedings based thereon are dismissed.

CURTIS, J., LANGDON, J., SEAWELL, J., Concurring. We concur in the conclusion reached in the foregoing opinion. The record before us shows that other members of The State Bar participated in the transaction out of which the present charge against petitioner arose. The whole matter was gone into by the board of governors of The State Bar with the result that all persons involved therein except the petitioner were exonerated from any wrongdoing in connection with said transaction. It would be most unjust and inequitable to penalize the petitioner under these circumstances. For this reason, we have given our concurrence to the order dismissing the petition.

Thompson, J., and Shenk, J., dissented.

Rehearing denied. Shenk., J., and Thompson, J., voted for a rehearing.