**Laura Kathryn BINGHAM, now Stuvetraa, Plaintiff in Error,**

v.

**Ray BINGHAM, Defendant in Error.**

**No. 38941.**

Supreme Court of Oklahoma.

Nov. 7, 1961.

Frank Miskovsky, Oklahoma City, for plaintiff in error.

Cantrell, Douglass, Thompson & Wilson, by H. L. Douglass, Oklahoma City, for defendant in error.

HALLEY, Justice.

On May 29, 1959, Laura Kathryn Bingham, now Stuvetraa, filed suit in the District Court of Oklahoma County against Ray Bingham to recover child support for her three minor children. The parties appear here as they did below and will be referred to as plaintiff and defendant. The plaintiff's petition alleged that she had received a divorce from defendant in 1954 in the District Court of Cowley County, Kansas, based upon service by publication and that she was therein awarded custody of the three minor children of the marriage. She also alleged that defendant was making contribution to the children's support but that it was insufficient and she prayed that the court order defendant to pay a certain amount per month for the support and maintenance of the three minor children.

On the same day the suit was filed, summons was issued and served on the defendant. He thereafter filed his special appearance and motion to quash the service of summons on the ground that at the time the summons was served he was a resident of Arizona and was in attendance in the Children's Court in Oklahoma County by reason of notice from said court that a hearing would be held on May 29, 1959. This was on a petition filed in that court alleging that the oldest son of the parties was a delinquent child and notifying defendant that he "may appear and be heard." The motion was supported by defendant's affidavit corroborating his allegations. At the hearing on the motion, defendant's attorney testified that he had advised the defendant by long distance telephone call prior to May 29th that he should appear at the hearing and be prepared to testify.

The plaintiff controverted the defendant's evidence by two witnesses who testified that first, defendant made statements that he appeared at the Children's Court hearing for the purpose of obtaining custody of his son, and that second, defendant had no knowledge of the facts concerning the delinquency charge against his son.

The district court sustained the motion to quash and entered judgment dismissing the case. From that judgment plaintiff has appealed.

While this appeal presents but a single narrow issue, to-wit, was the defendant, a nonresident, immune from service of process while in the state attending a hearing in Children's Court, yet the questions involved are not entirely free from doubt. The plaintiff does not challenge the broad general rule of immunity granted to nonresident litigants and witnesses while in the state attending court hearings, but contends that, under a well-recognized exception to the general rule, such immunity does not extend to a person who comes in to the state and is served with summons in an action involving or connected with the subject matter of the litigation defendant is attending. Plaintiff cites many cases but relies principally on Livengood v. Ball, 63 Okl. 93, 162 P. 768, L.R.A.1917C, 905, to sustain this contention. The Livengood case holds that immunity may be denied a nonresident who, while prosecuting litigation in this jurisdiction, is sued upon a transaction in connection with such litigation upon which the remedies available in the nonresident's domicile would not be adequate.

But both Oklahoma and Arizona have adopted the Uniform Reciprocal Enforcement of Support Act. See 12 O.S.Supp. 1959 §§ 1600.1–1600 29 and A.R.S. §§ 12–1651 to 12–1679. This Act is applicable and would be enforced in this type of situation. Green v. Green, Okl., 309 P.2d 276. Therefore it is seen that plaintiff may obtain the same relief in Arizona as may be obtained in Oklahoma. This being true it is readily apparent that the instant case

**398** ■

does not fall within the requirements of the Livengood case, supra, in order to deny immunity to the defendant herein. See State ex rel. Spigner v. Superior Court of Okmulgee County, 175 Okl. 632, 54 P.2d 317.

It appears too that the present suit which asks for child support for three minor children is not an action for relief connected with the subject of the litigation in the Children's Court case as required if this suit is to fall within the rule of the Livengood case, supra.

Although under the statutory provisions relating to delinquency of a child and powers of the Children's Court, the custody of defendant's son might have been granted to him, we do not believe that the fact that the defendant, a father, was willing and, perhaps, anxious to have custody of his son should be the controlling element in showing that there is the required close connection between the case in Children's Court and the instant case.

In the Children's Court case brought under the provisions of 10 O.S.1951 § 101 et seq., the state is vitally interested because of society in general and the welfare of the children in particular. Concerning a case brought under this statute, we said in State ex rel. Hunter v. Duncan, Okl., 288 P.2d 388, 391:

"* * * The rules of law applicable thereto are not necessarily the same as in questions of custody ancillary to divorce proceedings. Although the welfare of the children is the controlling factor in both types of cases, the divorce cases must also consider and determine the personal rights of the parents as parties litigant. In one the emphasis is on the parent and child relationship. In the other, as here, it is on the state-child relationship. * * *"

■ The defendant came to Oklahoma upon the advice of counsel and by reason of notice delivered to him by registered mail advising him that he may appear and be heard. The fact that defendant knew

none of the facts concerning the delinquency charge against his son does not cause us to conclude that defendant was not in good faith in attending the hearing. The defendant, being the boy's father, might have been called upon by the Children's Court to testify concerning many facts other than those facts giving rise to the delinquency allegation. The general rule in this situation and the underlying reason for it is set out in Thomas v. Blackwell, 172 Okl. 487, 46 P.2d 509, 512, as follows:

"It appears to be the general rule that nonresident suitors and witnesses in attending upon a trial in a foreign jursidiction are for a reasonable time immune from a service of process upon them in the county in which they are attending court in good faith. The rule is founded upon the necessity of judicial administration or upon the question of public policy. *. * * citing * * * cases"

In this connection we have stated that nonresident witnesses who voluntarily come into this jurisdiction for the purpose of assisting our courts in the ascertainment of truth should be able to come with an implied understanding that they will be free from any possibility of becoming involved in other litigation here. Lonsdale Grain Co. v. Neil, 73 Okl. 221, 175 P. 823.

■ The motion to quash service was properly sustained and the judgment is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

BERRY, J., dissents.

BERRY, Justice (dissenting).

I am unable to agree with the majority opinion.

For a considerable period of time prior to the proceeding before the Children's Court, defendant was without personal

knowledge of the actions and conduct of his children. Therefore, to my way of thinking, he did not come into this State or appear before the Children's Court with the thought in mind nor for the purpose of giving testimony that would refute the charge that his child was a juvenile delinquent. To the contrary, his purpose was to convince the Children's Court that the child's delinquency was attributable wholly to the unsuitable environment in which the child was being reared by plaintiff; that if defendant were given custody, the child would be reared in an environment that would remove the temptations that brought about delinquency. The evidence fairly shows that defendant hoped to also gain custody of the other children against whom no charge was pending, through showing to the Children's Court that they too were not being reared by plaintiff in a proper environment. See 20 O.S.Supp.1957 § 863, subds. 3, 4.

If as a result of coming into the State and appearing before the Children's Court defendant had obtained exclusive custody of the children, the matter of his paying child support to plaintiff would have become a dead issue. Therefore, in my opinion, the matter of defendant's attempting to obtain custody of the children in the Children's Court proceeding was directly connected with the matter of his paying child-support payments to plaintiff, which payments were contingent, upon her retaining custody.

It is patent that in the proceedings before us, defendant could have asserted the rights that he sought to assert (Sec. 863, supra), in the Children's Court—his right to custody of the children. So defendant, in effect, here asserts that while he wished to seek relief of an affirmative nature in the Children's Court, he is immune from process in an action in the District Court involving the same rights.

A well-founded exception to the rule that a nonresident suitor or witness is immune from process while attending court is the rule that such immunity does not extend to process in an action or proceeding involving or connected with the subject matter of the litigation in connection with which the nonresident appears. At p. 130, Sec. 150, 42 Am.Jur., the referred-to exception is stated thus:

"The question whether process may be served on a nonresident party or witness may be determined by the nature of the proceeding in which process has issued and its relation to the suit which the party or witness has been attending. The rule of immunity from service does not extend to process in an action or proceeding involving or connected with the subject matter of the litigation during attendance upon which the nonresident suitor is served. Thus, it has been held that one who goes into another jurisdiction to prosecute habeas corpus proceedings to secure the custody of his child is not exempt from service of a petition by the custodian to adopt the child, its status being the question involved in both proceedings."

While the mentioned exception is not recognized in all jurisdictions, this Court made clear in Livengood et al. v. Ball et al., 63 Okl. 93, 162 P. 768, L.R.A.1917C, 905, that it will be recognized and applied in this jurisdiction.

In Velkov v. Superior Court In and For Los Angeles County, 40 Cal.2d 289, 253 P.2d 25, 35 A.L.R.2d 1348, the court applied the above-mentioned exception to a nonresident who caused disciplinary proceeding to be instituted against an attorney, which proceedings were predicated on the proposition that the attorney had obtained from the nonresident an illegal assignment of an interest in oil properties in payment of a fee owing the attorney. Upon the nonresident's appearing before the Bar Association in the disciplinary proceeding, she was served with process in an action instituted by the attorney for the purpose of determining his and her rights under the assignment. In denying the nonresident's asserted immunity from service of process in the court proceeding, the court held in substance that both proceed-

ings in effect involved the same "subject matter", the rights of the respective parties to the interest covered by the assignment.

For reasons stated herein, I respectfully dissent.