[Civ. No. 10478. Third Dist. Feb. 20, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. A. K. WILSON, Defendant and Respondent.

Stanley Mosk, Attorney General, Dan Kaufmann, Assistant Attorney General, and Walter J. Wiesner, Deputy Attorney General, for Plaintiff and Appellant.

Devlin, Diepenbrock, Wulff & Plant, Forrest A. Plant and Koerner, Young, McColloch & Dezendorf for Defendant and Respondent.

VAN DYKE, J.\*—This is an appeal from an order quashing service of process, setting aside a default, and vacating a judgment. On April 7, 1957, appellant, as plaintiff in the trial court, commenced this action to collect two debts guaranteed by respondent A. K. Wilson, a resident of Oregon. Respondent was served with process while present in California for the purpose of being sentenced in a criminal tax evasion action in the federal district court. Thereafter, his default was entered and a default judgment was taken for the amount of $19,575.42. Respondent filed motions to quash service, set aside default and vacate judgment, which motions were granted. This appeal followed. The sole question presented is whether a nonresident who is in this state for the purpose of being sentenced in a federal criminal action is immune from service of process in a civil action pending in a state court.

The researches of counsel and of this court have discovered no California case on the precise point at issue.

"Generally, witnesses in attendance on a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court and for a reasonable time before and after in going to, and returning from, court." (72 C.J.S., Process, § 80, pp. 1112-1113; citing *Murrey* v. *Murrey*, 216 Cal. 707 [16 P.2d 741, 85 A.L.R. 1335].)

"It is the majority rule that suitors in attendance in a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court and for a reasonable time before and after in going to, and returning from, court." (*Id.*, p. 1114; citing *Murrey* v. *Murrey, supra*; *Gerard* v. *Superior Court,* 91 Cal.App.2d 549 [205 P.2d 109].)

"Although not universally followed, it is the general rule that a nonresident who enters a jurisdiction to appear, plead, or be tried in a criminal prosecution against him, is exempt from service of civil process." (*Id.*, § 82, p.1121.)

Although no California case coming to our attention has applied the immunity doctrine in granting immunity to a defendant in a criminal case, it has been recognized that the immunity applies to witnesses in such a case. (*Mattison* v. *Lichlyter,* 162 Cal.App.2d 60 [327 P.2d 599].)

---

\*Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.

In *Velkov* v. *Superior Court*, 40 Cal.2d 289, 291-292 [253 P.2d 25, 35 A.L.R.2d 1348], in discussing immunity from service of process, the court said: ". . . The rule is based upon public policy and, even though in derogation of the rights of the individual litigant, is justified by the public interest served by the granting of the immunity."

In *Murrey* v. *Murrey, supra,* at page 710, the court said: "This exemption from service of process is, of course, in derogation of the right which every creditor has to collect his debt by subjecting his debtor to suit in any jurisdiction where he may find him. Since this is so, the privilege should not be extended beyond the reason of the rule upon which it is founded."

It is stated in 72 Corpus Juris Secundum, Process, section 80, page 1118: "It has been variously stated that the exemption is not for the benefit of the witnesses and parties, but for the benefit of the court, that the protection of courts of justice is the primary object of the rule and a privilege to the individual incidental, and that the exemption is alike for the benefit of the witnesses and parties and of the court. The privilege is strictly personal ``

It is not necessary here to decide whether, and under what circumstances, immunity might under California law be granted to a defendant in a criminal action before trial. The question before us is narrower than that. Respondent had had his trial and had been convicted. He was served with process intermediate the conviction and the imposition of sentence. Thereafter he was sentenced, appealed, and on appeal his conviction was reversed. (*Wilson* v. *United States of America*, 250 F.2d 312.) If we assume that respondent was immune from the service of process in this action while attending the trial in the federal court, did that immunity go beyond the point of conviction? That is the precise issue before us.

"A person confined in jail on a criminal charge or imprisoned on conviction for such charge is subject to service of civil process, irrespective of the question of residence. . . . A jail, it has been said, possesses no 'privilege of sanctuary.' " (72 C.J.S. § 82, p. 1123.)

We see no reason why the primary court would be impeded, delayed or in any way inconvenienced by the service of process in a civil action after trial and conviction of a defendant in a criminal action. If that be true, then the privilege should cease on conviction for "the privilege should not be

extended beyond the reason of the rule upon which it is founded.'' (*Murrey* v. *Murrey, supra.*) In harmony with this general rule that privilege should not be unreasonably extended is the rule that the privilege always ceases when the need of the primary court has been satisfied, and that if the person who has been enjoying the privilege remains within the jurisdiction beyond the time it takes him to depart, the privilege is gone and he may be served. While the record does not here disclose under what conditions, after conviction, respondent was free, it could not have been because of any need of the primary court that he remain so. Probably he was on bail pending the imposition of sentence, but if so it was by permission of that court and not by any right of his own in the nature of personal privilege. The change in status of one who has been in attendance upon a court under criminal charge, upon conviction, is recognized in many ways. For instance, in *Bubar* v. *Dizdar,* 240 Minn. 26 [60 N. W. 2d 77], the Supreme Court of Minnesota was engaged in construing Minnesota's enactment of the Uniform Criminal Extradition Act, reading in part as follows:

''A person brought into this state by, or after waiver of, extradition based on a criminal charge, shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited.''

Holding that a defendant in a criminal action who had pleaded guilty had been ''convicted'' within the meaning of the statute, the court declined to extend the privilege beyond the point of conviction. Our own Legislature in section 1555 of the Penal Code enacted the same provision which terminates the privilege when a person brought into the state on or after waiver of extradition has been convicted. The record does not disclose whether or not respondent's attendance upon the primary court for trial was voluntary or involuntary, a circumstance which is sometimes counted upon heavily in granting or withholding immunity. But after conviction his attendance for sentence could not in any sense have been voluntary, even if he was on bail. Though in a sense free to move about, a man on bail after conviction is constructively in the custody of the law.

". . . 'When bail is given, the principal is regarded as delivered into the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and, if that cannot be done at once, they may imprison him until it can be done. . . . The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner.' " (*Taylor* v. *Taintor*, 83 U.S. (16 Wall.) 366, 371 [21 L.Ed. 287], quoted in *Netograph Mfg. Co.* v. *Scrugham*, 197 N.Y. 377 [90 N.E. 962-963, 134 Am.St.Rep. 886, 27 L.R.A. N.S. 333].)

We think that to extend the privilege of immunity from service of process in a civil case to a nonresident who has been convicted in a primary court after trial is to extend the privilege far beyond the reasons that underlie the doctrine of immunity, and to unduly burden and, perhaps, wholly frustrate the right of the secondary suitor. Further, such an extension unreasonably obstructs the administration of justice in the court where that suitor's action is pending.

The order appealed from is reversed.

Pierce, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied March 14, 1963, and respondent's petition for a hearing by the Supreme Court was denied April 17, 1963. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.